COSEY DONNELLY, APPELLANT, VS. ELIZA DONNELLY,
APPELLEE.

1. Under section 1485, Rev. Stat., suit may be instituted for alimony, unconnected with an application for divorce based
    upon any of the causes of divorce mentioned in section 1480,
    except in the ninth paragraph, and in such suit it is essential
    that complainant should have resided in this State continuously for two years next prior to the filing of the bill.   Under
    section 1486, if either of the parties is a *bona fide* resident of
    this State, and the husband, having ability to maintain or contribute to the maintenance of his wife or minor children, fail
    to do so, the wife, living with, or apart from him through his
    fault, may obtain such maintenance or contribution upon bill
    filed for such purpose; under this section it is indispensable
    that either the husband or wife be shown to be a *bona fide* resident of this State at the time of filing the bill.
2. Public policy, as indicated by our statutes, requires that before
    parties to the marital state can invoke the jurisdictional powers of our courts in the performance of duties thereby enjoined they be in a situation to avail themselves of the protection of our laws.
3. The jurisdictional facts as to the residence of either the complainant or defendant in this State not being alleged in the bill
    filed in this case, the court should have dismissed the same.

Appeal from the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the
court.

*Hugh E. Miller*, for Appellant.

No appearance for Appellee.

MABRY, J.:

A bill was filed in the lower court by appellee
against appellant alleging that the parties were married in the State of South Carolina on the 17th day of

September, 1872, and that by the economy and industry of complainant, during the time she lived with defendant, he was able to buy a lot in the city of Ocala, Marion county, Florida; that complainant enjoyed said property with defendant to within four years of the filing of the bill, when defendant introduced into their home women who had won his affections, and when prevailed upon not to bring said women into their home he beat and otherwise ill treated complainant, and at times when leaving home would lock her out, compelling her to cook and do other labor in the yard; that about four years before filing the bill defendant refused to live with complainant, through no fault of hers, and has since that time failed and refused to furnish her with the necessities of life; that complainant was sick, and had been off and on for the past five months, and in need of medicines and medical treatment, and was destitute of the means of obtaining them, all which defendant failed and refused to provide; that he was a carriage driver, making thirty dollars per month; and the prayer is for alimony of ten dollars per month and attorney fees.

Defendant filed an answer denying the allegations of the bill, except as to the marriage in South Carolina, but there is no statement therein that the parties, or either of them, were residents of the State of Florida.

Proof was taken, and on final hearing the court allowed alimony of ten dollars per month, and fifty dollars attorney fees, and from this decree defendant appealed.

The proceedings in this case was to obtain alimony; not for a divorce. Under section 1485 Revised Statutes, suit may be instituted for alimony, unconnected

with divorce, based upon any of the causes of divorce set forth in section 1480, except in the ninth paragraph but before such suit can be instituted the complainant must have resided in this State continuously for two years next prior to the filing of the bill. Under section 1486, if either of the parties is a *bona fide* resident of this State, and the husband, having ability to maintain or contribute to the maintenance of his wife or minor children, fail to do so, the wife, living with, or apart from him through his fault, may obtain such maintenance or contribution upon bill filed for such purpose. Under this section, however, it is necessary that either the husband or wife be shown to be a *bona fide* resident of this State at the time of filing the bill. In construing the sections referred to we said in Miller vs. Miller, 33 Fla. 453, 15 South. Rep. 222, that "while we do not think that it is within the spirit and intent of these statutes to confer upon our courts the power to interfere in any respect with the marital status of citizens of other States who may be here only on a temporary visit, either to pass upon such status or to enforce any of the rights and duties that depend thereon, yet where either of the parties, in a proper and legitimate manner, becomes a *bona fide* resident and citizen of this State, then our courts become clothed with power to enforce and protect all of the rights of such citizen, and to compel, to the extent of their jurisdictional powers, the performance of all duties due to or from such citizen, including those that grow out of the marital status, except that when a total dissolution or severance of such status, by divorce, is sought, then our statute requires that the residence here must have been continued for two years before the application therefor can be made. Where

one of the parties, however, is actually, legally and *bona fide* domiciled in this State, as a citizen thereof, then we think that under section 1486 of this statute our chancery courts have jurisdiction to enforce the duty of maintenance and support due from the husband to the wife by awarding alimony, particularly where personal service is made upon the husband within this jurisdiction." This construction was reaffirmed in the case of Shrader vs. Shrader, 36 Fla. 502, 18 South. Rep. 672.

The residence of the parties in Florida is nowhere stated in the bill before us, nor are any such jurisdictional facts as to the residence of the parties, or either of them, stated as to authorize the court to render any decree on the bill. Public policy, as indicated by our statutes, requires that before parties to the marital state can invoke the jurisdictional power of our courts, either to dissolve the relation, or enforce duties dependent thereon, they must be in a situation to avail themselves of the protection of our laws. The bill alleges that the parties were married in South Carolina in 1872; that the husband bought a lot in Ocala, Marion county, Florida, and both parties enjoyed it until within four years of the filing of the bill, but this is no allegation that the parties resided on the lot, even four years before the filing of the bill. The citizenship of the parties at the time of filing the bill is nowhere stated, and in fact, there is no averment that either of them was ever a *bona fide* resident citizen of this State. It is a rule in chancery, as well as at law, that the allegations and proof must correspond, and in order to sustain a decree it must be supported both by the allegations and the proof. In the absence of al-

legations of necessary jurisdictional facts in the bill, the court should not have rendered any decree on it, and the decree rendered will, therefore, be reversed.