WALKER J. WOOD, *Appellant,* v. CAPITOLA L. WOOD, *Appellee.*

1. Where one of the parties is actually, legally and *bona fide* domiciled in this State, as a citizen thereof, the chancery courts have jurisdiction to enforce the duty of maintenance and support due from the husband to the wife by awarding alimony, particularly where personal service is made upon the husband within this jurisdiction. Two years residence of the complainant is not required as when the proceeding is ancillary to a suit for divorce.

2. Where a bill of complaint contains allegations with exhibits that are not essential to the relief prayed, but which do not destroy the effect of the material allegations in stating a cause of action, such non-essentials may be treated as surplusage.

3. The pendency of divorce proceedings between the parties in another State does not prevent the enforcement of alimony rights in this State.

4. In suits for alimony the marriage relation between the parties should in general be made to appear at least *prima facie* by proof or admission before a reference to a master is made for the purpose of taking testimony as to alimony, suit money and counsel fees, since if the marital relation does not exist the defendant is not liable.

5. In a suit for alimony where the bill alleging the marriage is

sworn to and the defendant is notified of, and is heard by counsel upon, the application for a reference to a master to take testimony as to temporary alimony and counsel fees, and the defendant testifies before the master without calling in question the existence of the marriage relation, he cannot complain of the reference to a master before demurrer or answer filed since the marriage *prima facie* appears.

6. In proceedings for temporary alimony and suit money justice demands some degree of expedition; and where the defendant is notified of an application for the taking of testimony as to temporary alimony and suit money, he should seasonably present questions as to the existence of the marriage relation between himself and the complainant, where that relation *prima facie* appears.

7. As a general rule and in the absence of controlling statutes or rules of court an adult married woman sues by next friend when property or personal rights are involved; and the next friend may properly be the husband when the suit is against third parties.

8. Where suit is brought by a married woman against her husband to enforce some personal right of hers against him, such as divorce or alimony, not involving trusts or title to or management of property, it is in general not necessary that she sue by next friend.

9. Coverture does not prevent a wife from enforcing by suit in equity in her own name her rights as against the husband, at least where such rights do not involve matters as to which the wife as such may be disqualified to act for herself, such for example as trusts, or the management or transfer of property.

10. A married woman sues by next friend to secure the costs or for convenience merely, where the wife is not disqualified to act for herself in the matter sued upon.

11. In suits for alimony the right of the wife is personal to herself; it does not ordinarily involve any trust, or the management or transfer of property. The right to alimony grows out of the marriage status, and is for the personal sustenance of the wife which she is able to apply without the intervention of a next friend or a trustee.

12. In a proceeding in equity for alimony when the marriage status is *prima facie* established by admission or proof, the court has the power to require the husband to provide temporary alimony and suit money for the wife, to enable her to cope with him in the litigation.

13. There may be cases in which the suit of a married woman against her husband should be by next friend to protect her interests or to secure the payment of costs; and the court will take care that the rights of the married woman involved in litigation be properly protected whether she sues by next friend or in her own name alone.

14. The rules of procedure seem to contemplate suits in the name of the wife alone for alimony and they have been uniformly so brought in the courts of this State.

15. A demurrer and not a motion to dismiss is the proper method of reaching defects of parties if any apparent upon the face of a bill of complaint in equity.

16. Where there is testimony to sustain an order granting temporary alimony and counsel fees the order may not be disturbed.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Young & Adams,* for appellant;

*N. P. Bryan* and *Geo. U. Walker & Son,* for appellee.

WHITFIELD, J.—This is a suit for alimony in which the bill of complaint filed March 2nd, 1908, alleges in effect that the parties were lawfully married in Atlanta, Georgia, September 28, 1899; that the defendant

Walker J. Wood, the husband of complainant is a *bona fide* resident of the city of Jacksonville, Duval county, Florida; that the complainant is living apart from her said husband through his fault, the facts constituting such alleged fault being stated in detail; that the defendant·has the ability to maintain or contribute to the maintenance of complainant, and has failed and continues to fail and refuses to maintain complainant or to contribute thereto. The bill of complaint contains other allegations with exhibits. The prayer is for alimony, suit money and attorney fees and for general relief.

On March 3, 1908, the cause was referred to a special master to take testimony and ascertain and report as to the faculties of the parties, and as to the amount of alimony *pendente lite,* suit money and temporary counsel fees. The master· took testimony including that of the defendant. On April 24, exceptions to the master's report were overruled and the court decreed ten dollars a week as alimony *pendente lite* and seventy-five dollars as counsel fees. A motion to dismiss the bill of complaint on the ground that the complainant, a married woman is not a free dealer and sues in her own name and not by next friend was made March 13, and denied April 24. A demurrer to the bill of complaint on the grounds that (1) it is brought under Section 1933 of the General Statutes, which requires a residence of two years by complainant, and no such residence is alleged; (2) it appears from the bill of complaint that defendant has now pending in the State of Georgia a suit to divorce the complainant, was made March 13, and overruled April 24." The several decrees and orders are appealed from by the defendant and assigned as error.

Section 1934 of the General Statutes provides that:

"If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him, or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution."

Where one of the parties is actually, legally and *bona fide* domiciled in this State, as a citizen thereof, the chancery courts have jurisdiction to enforce the duty of maintenance and support due from the husband to the wife by awarding alimony, particularly where personal service is made upon the husband within this jurisdiction. Two years residence of the complainant is not required as when the proceeding is under Section 1933. Miller v. Miller, 33 Fla. 453, 15 South. Rep. 222; Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672; Donnelly v. Donnelly, 39 Fla. 229, 22 South. Rep. 648.

The bill of complaint alleges that the husband is a resident of Florida; and he has appeared in the suit by demurrer and otherwise.

The fact that the bill of complaint contains allegations and exhibits that are not essential to the relief prayed does not make the bill subject to demurrer because of the surplus matter when it does not destroy the effect of the material allegations in stating a cause of action. The allegations of the bill of complaint not essential to the relief prayed may be treated as surplusage.

The pendency of divorce proceedings between the parties in another state does not prevent the enforcement of alimony rights in this State. See 1 Cyc. 31, 36.

The demurrer to the bill of complaint was properly overruled.

It is insisted that the court erred in referring the cause to a master to take testimony and report as to temporary alimony, suit money and counsel fees on the day after the bill was filed and before the defendant answered.

In suits for alimony the marriage relation between the parties should in general be made to appear at least *prima facie* by proof or admission before a reference to a master is made for the purpose of taking testimony as to alimony, suit money and counsel fees, because if the marital relation does not exist the defendant is not liable. See Fountain v. Fountain, 80 Ark. 481, 97 S. W. Rep. 656, 10 Am. & Eng. Anno. Cases 557 and notes.

In the case of Banks v. Banks, 42 Fla. 362, 29 South. Rep. 318, the bill of complaint alleging the marriage was not sworn to and the marriage was specifically denied under oath by the defendant. The court properly held the reference to a master to take testimony as to the allowance of alimony and suit money was error. In the case at bar the bill of complaint alleging the marriage was sworn to and the marriage was not denied. The order of the court shows that the defendant was notified of the hearing upon the application for the appointment of a master to take testimony as to temporary alimony and suit money, and was represented by counsel at the hearing on such application. The defendant testified before the master as to the allowance of temporary alimony and counsel fees, and the existence of the marriage relation between him and the complainant was not questioned in any way by him. There appears to be no question of an adulterous wife. Under these circumstances no harm appears to have re-

sulted to the defendant from the reference of the cause to the master to take testimony as to temporary alimony and counsel fees before the defendant answered or demurred to the bill of complaint.

In proceedings for temporary alimony and suit money as in this case, justice demands some degree of expedition; and where the defendant is notified of an application for the taking of testimony as to temporary alimony and suit money, he should seasonably present questions as to the existence of the marriage relation between himself and the complainant, that relation *prima facie* appearing.

The denial of the motion to dismiss the bill of complaint because the wife sues in her own name and not by next friend is assigned and argued as error. It does not appear that the married woman plaintiff is a minor.

As a general rule and in the absence of controlling statutes or rules of court a married woman sues by next friend when property or personal rights are involved; and the next friend may properly be the husband when the suit is against third parties. But where suit is brought by a married woman against her husband to enforce some personal right of hers as against him, such as divorce or alimony, not involving trusts or title to or management of property, it is in general not necessary that she sue by next friend. See 7 Ency. Pl. & Pr. 60. Coverture does not prevent a wife from enforcing by suit in equity in her own name her rights as against the husband at least where such rights do not involve matters as to which the wife as such may be disqualified to act for herself, such for example as trusts, or the recovery, management or transfer of property.

Suit by next friend is to secure the costs or for con-

venience merely where the wife is not disqualified to act for herself in the matter sued upon.  Our statute since 1892, provides that a married woman may sue for her real estate without joining her husband or next friend.

In suits for alimony the right of the wife is personal to herself; it does not ordinarily involve any trust, or the recovery, management or transfer of property.  The right to alimony grows out of the marriage status, and is for the personal sustenance of the wife which she is able to apply without the intervention of a next friend or a trustee.  When the marriage status is *prima facie* established by admission or proof the court has the power to require the husband to provide suit money for the wife to enable her to cope with him in the litigation.  There may be cases in which the suit of a married woman should be by next friend to protect her interests or to secure the payment of costs; and the court will take care that the rights of a married woman involved in litigation be properly protected whether she sues by next friend or in her own name alone.  See Taylor v. Brown, 32 Fla. 334, 13 South. Rep. 957; Wright v. Wright, 3 Tex. 168; Story Eq. Pl. 61 *et seq.;* Van Zile Eq. Pl. 55; Beach Mod. Eq. Pr. § 51; Bishop Marriage, Divorce & Separation, § 513.

Chancery Rule 36 provides that "guardians *ad litem* to defend a suit may be appointed by the court or judge for infants or other persons who are under guardianship, or otherwise incapable to sue for themselves.  All infants and other persons so incapable may sue by their guardians, if any, or by their *prochein ami,* subject, however, to such orders as the court may direct for the protection of infants and other persons."

This rule seems to contemplate that the court will

take care that the rights of those who in law are not fully *suis juris,* will be protected, and that the use of a *prochein ami* is not essential at least in the absence of special circumstances shown to the court.

Suits for alimony have uniformly been brought by the wife in her own name as appears to be contemplated by the statute.

The case of Smith v. Smith, 18 Fla. 789, referred to by counsel, relates solely to a trust in real estate, and the court in 1882, held the suit should have been brought by next friend.

If the want of proper or necessary parties is apparent on the face of the bill of complaint, the defect may be taken advantage of by demurrer. Betton v. Williams, 4 Fla. 11; King v. Gwynn, 14 Fla. 32; West v. Reynolds, 35 Fla. 317, 17 South. Rep. 740.

The motion to dismiss the suit because the married woman did not sue by next friend was not the proper way to reach the defect in parties, if any existed. If the bill shows that a defect of parties exists, the remedy is by demurrer. The motion to dismiss was properly denied.

There was no material error in overruling the exceptions to the master's report, and there is testimony to sustain the order as to temporary alimony and counsel fees.

The decrees and orders appealed from are affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.