THEODORE M. HOWELL v. ANNIE S. HOWELL.

151 So. 379.
Opinion Filed December 5, 1933.
Rehearing Denied December 30, 1933.

*V. S. Starbuck,* Asheville, N. C., for Appellant;
*Eldridge Hart,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the order. herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said order; it is, therefore, considered, ordered and adjudged by the Court that the said order of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., dissents.

TERRELL, J., not participating.

ON PETITION FOR REHEARING.

PER CURIAM.—This case was affirmed by a Per Curiam order filed December 5, 1933. The suit was one for alimony unconnected with divorce. Petition for rehearing has been filed in which it is insisted that the court did not have jurisdiction of the parties.

The bill alleges, and we think it is not shown to the con-

trary, that the respondent was at the time of filing the bill of complaint within the jurisdiction of the court. There appears to be no statute requiring the respondent to be a *bona fide* resident of the State for the complainant to maintain against him a suit of this character. The statute does require that the complainant must have resided two years in the State of Florida before the filing of a bill for divorce. Section 3189, R .G. S., 4981 C. G. L., But, Section 3197, R. G. S., 4989 C. G. L., provides:

"Alimony unconnected with causes of divorce.—

"If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution."

As there is no definite period of residence required either for the complainant or the defendant as a prerequisite to the filing and maintaining of a suit of this character, we think that the question as to whether or not the respondent was a *bona fide* resident of the State of Florida is immaterial, since service of process was had upon him in this State.

Petition for rehearing is denied.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.