CHARLES A. VALVERDE v. MARIE MILDRED VALVERDE.

164 So. 287.
Opinion Filed November 19, 1935.

*A. A. Fisher* and *Coe & McLane,* for Appellant;

*J. McHenry Jones,* for Appellee.

TERRELL, J.—In 1928, appellee, as complainant, instituted suit in the Circuit Court of Escambia County against appellant, as defendant, for separate maintenance pursuant to Section 3197, Revised General Statutes of 1920, Section 4989, Compiled General Laws of 1927. Personal service was secured on the defendant, but decree *pro confesso* for want of appearance was entered against him. A final decree for separate maintenance was entered in compliance with the prayer of the bill.

Appellant complied with the terms of the final decree until April, 1934, when he brought a bill in the nature of a bill of review praying that it be set aside and vacated on the ground that it was void for want of jurisdiction in the chancellor to enter and that it could be enforced against him so long as it remained of record and not reversed or vacated. A motion to dismiss the bill was granted and the instant appeal is from that decree.

The first question urged here appertains to the jurisdiction of the chancellor to enter the decree awarding separate maintenance to appellee who was complainant in the former suit under the facts as presented.

Appellant challenges the jurisdiction of the chancellor to enter the decree on the ground that he and appellee were at the time it was entered living at Fort Barrancas, a military reservation which was ceded to the United States by the State of Florida, that the former exercised exclusive jurisdiction over said reservation, that appellant was residing on said reservation in the performance of his military duty, and that he was not otherwise a citizen of the State of Florida.

It is not denied that Fort Barrancas is a military reservation, that appellant and appellee both lived on said reservation, that it is located within the boundaries of Escambia County, Florida, the latter as defined by Article One of the Constitution of 1885 and the former as defined by Section 9, Revised General Statutes of 1920, Section 11, Compiled General Laws of 1927. Fort Barrancas was acquired under Section 5, Revised General Statutes of 1920, Section 5, Compiled General Laws of 1927, which empowers the United States to secure lands in this State for forts, magazines, arsenals, dockyards, and other purposes as contemplated by Section Eight of Article One, Constitution of the United States.

Section 7, Revised General Statutes of 1920, Section 7, Compiled General Laws of 1927, provides the conditions under which such lands may be purchased by the Federal Government is as follows:

"Whenever the United States shall contract for purchase or acquire any land within the limits of this State for the purposes aforesaid, in either of the modes above mentioned

and provided, or shall hold for such purposes land heretofore lawfully acquired or reserved therefor, and shall desire to acquire constitutional jurisdiction over such lands for said purposes, it shall be lawful for the Governor of this State, upon application made to him in writing on behalf of the United States for that purpose, accompanied by the proper evidence of said reservation on purchase, contract, or acquisition of record, describing the land sought to be ceded by convenient metes and bounds, thereupon, in the name and on behalf of this State to cede to the United States exclusive jurisdiction over the land so reserved, purchased or acquired and sought to be ceded; the United States to hold, use, occupy, own, possess and exercise said jurisdiction over the same for the purposes aforesaid, and none other whatsoever; Provided, always, that the consent aforesaid is hereby given and the cession aforesaid is to be granted and made as aforesaid, upon the express condition that this State shall retain a concurrent jurisdiction with the United States in and over the land or lands so to be ceded, and every portion thereof, so far that all process, civil or criminal, issuing under authority of this State, or of any of the courts or judicial officers thereof, may be executed by the proper officers thereof, upon any person or persons amenable to the same, within the limits and extent of land or lands so ceded, in like manner and to like effect as if this law had never been passed; saving, however, to the United States security to their property within said limits and extent, and exemption of the same, and of said land or lands from any taxation under the authority of this State while the same shall continue to be owned, held, used and occupied by the United States for the purposes above expressed and intended and not otherwise."

An inspection of the foregoing Act discloses that lands

acquired thereunder can be acquired only for the purposes named in the Act and "none other whatsoever," that the State retains concurrent jurisdiction with the United States over all such cessions, and "every portion thereof," so all process, civil or criminal issuing under authority of the State, or of any of the courts or judicial officers thereof may be executed by the proper officers, upon any person or persons amenable to the same, within the limits and extent of the land so ceded, in like manner and to like effect as if this law had never been passed.

It was competent for the State to impose such restrictions on purchases of portions of its domain for the purposes stated and the Act quoted became a part of the contract of purchase whether made so in terms or not. It may be that if Fort Barrancas had been ceded to the United States under such terms that exclusive jurisdiction over it passed to the latter as did that to the District of Columbia for the national capital there would be substance to appellant's contention, but under the restricted manner in which it was ceded he was in no sense immunized from process in any action civil or criminal under the law of this State by reason of his residence and military duty there.

In support of this view it is pertinent to state that Section 3197, Revised General Statutes of 1920, Section 4989, Compiled General Laws of 1927, under which appellee secured relief contains no requirement as to residence. It is as follows:

"If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife living with him or living apart from him through his fault, may obtain such maintenance upon bill filed and suit prosecuted as in other chancery causes; and

the court shall make such orders as may be necessary to secure to her such maintenance or contribution."

If appellee had claimed divorce along with her prayer for maintenance then the question of residence would have been a prerequisite for relief, Donnelly v. Donnelly, 39 Fla. 229, 22 So. 648, but divorce not having been prayed for and appellee resting her case on her prayer for maintenance alone the question of her residence in the State became immaterial. Howell v. Howell, 113 Fla. 129, 154 So. 328.

Even if the question of residence were material, we do not think complainant has stated such a case as entitled him to relief at this time. He is attempting direct attack on the maintenance decree after he had complied with it for five and one-half years. His excuse for not sooner taking steps to invalidate the decree is that he had "been recently informed and advised that the said decree was obtained upon testimony which was false and fraudulent, in that the defendant testified that she was and had been a *bona fide* resident of the County of Escambia and State of Florida since the 8th day of May, A. D. 1926, whereas in truth and in fact neither of the parties hereto had ever been residents of the State of Florida, but had resided upon the aforesaid Government Reservation since said date and were residing on said Reservation when said suit was filed and when final decree was granted."

Appellant also contends that at the time suit was filed he was not advised that it was necessary to prove residence in the State and that as a result thereof the decree was obtained through fraud and misrepresentation. The only fraud and misrepresentation alleged is that complainant testified that she was a resident of the State of Florida when

as a matter of fact she resided at Fort Barrancas, a military reservation.

Ignorance of his legal rights will not excuse lack of diligence on the part of appellant. He was served with process and was advised of the suit against him. There was no fraud or misrepresentation as to residence. There was consequently no basis for the bill in the nature of a bill of review, and if there had 'been, a delay of five and one-half years under the facts as shown to exist would bar the relief prayed for.

Even if there were basis for appellant's contention, the weight of authority is to the effect that a decree obtained on perjured testimony alone is not sufficient ground for setting it aside. Mabson v. Mabson, 104 Fla. 162, 140 Sou. 801; Estes v. Timmons, 199 U. S. 391, 50 L. Ed. 241, 26 Sup. Ct. Rep. 85; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; 20 C. J. 778.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., not participating on account of illness.