MARTHA KIPLINGER v. FRANK KIPLINGER

2 So. (2nd) 870
En Banc
Opinion Filed May 20, 1941
Rehearing Denied July 1, 1941

*Zewadski & Pierce,* for Appellant;
*John R. Parkhill,* for Appellee.

CHAPMAN, J.—The sole question for decision presented to this Court on appeal from an order dismissing a bill of complaint entered by the Circuit Court of Hillsborough County, Florida, is: In a suit for separate maintenance on the part of a wife brought under the provisions of Section 4989 C. G. L., where both the wife and the husband are within the jurisdiction of the court and are personally before the court, the husband having been served with process within the jurisdiction of the court, and the parties being temporary residents of the State of Florida, has a court of chancery the power under said Section 4989 C. G. L. to make such orders as may be necessary requiring the husband to contribute to the support and maintenance of his wife? The lower court dismissed the bill of complaint after taking evidence on the question of whether or not the plaintiff wife was a resident of the State of Florida.

The husband, through counsel, filed a special appearance objecting to the jurisdiction of the court

over the defendant, as well as the subject matter of the suit. The special appearance is viz.:

"Comes now the defendant Frank Kiplinger, appearing herein specially and solely for the purpose of contesting the jurisdiction of this court: (1) Over the person of this defendant, and/or (2) over the subject matter of this suit, and not otherwise, and thereupon says:

"1. That the matrimonial domicile of the plaintiff and defendant is now, and continuously has been since their marriage, in Muncie, Indiana. That neither plaintiff nor defendant is now, or ever has been, a resident of or in Hillsborough County, Florida, or of or in any other county in Florida, but on the contrary have continuously since their marriage resided in, and been residents of Muncie, Indiana.

"2. That plaintiff and defendant were married in Clearwater, Florida, on, to-wit, February 18, 1931, and defendant has since said marriage, continuously maintained a home in or near Muncie, Indiana, for the defendant. This is the only home plaintiff and defendant have had since their marriage.

"WHEREFORE, defendant respectfully submits that this court has no jurisdiction over the person of defendant, nor has the court the lawful right to hear and determine the alleged right and rights of the plaintiff herein or to grant plaintiff any relief herein, whatsoever:

"WHEREFORE, defendant moves the Court as follows:

"(a) To quash the service of process herein.

"(b) To dismiss said proceedings herein."

The record shows that the parties hereto resided in Muncie, Indiana, and were accustomed to spend an-

nually the Winter months in Florida and in the vicinity of Tampa. The parties reached Tampa on December 1, 1940, and the suit at bar was filed on December 3, 1940, and the defendant personally served with process in Hillsborough County, Florida. The bill of complaint prays for: (a) an order paying to the wife a sum of money as separate maintenance; (b) attorney's fees; (c) suit money; (d) an order restraining the husband from molesting the wife; (e) a writ of *ne exeat* preventing the hubsand from leaving the jurisdiction of the court.

It was the holding of the chancellor below that the burden of proof was on the plaintiff wife to establish by competent testimony that she was a resident of Florida on December 3, 1940, the time of filing the bill of complaint, and having failed to carry this burden, the court was without jurisdiction to entertain or hear the cause and an order dated January 6, 1941, dismissed the bill of complaint at the cost of the plaintiff.

The bill of complaint filed December 3rd, 1940, was predicated on Sections 4988 and 4989 C. G. L. On December 28, 1940, the bill of complaint was amended and thereby eliminated all obligations under or reference to Section 4988, and the bill as amended rested solely under the provisions of Section 4989. It is true that counsel for appellee contends that the several allegations on the part of the husband toward his wife appearing in the bill as amended brings the suit squarely within the spirit if not the letter of Section 4988 *supra*. Section 4989 C. G. L. is viz.:

"4989. (3197) Alimony Unconnected with Causes of Divorce.—If any husband having ability to maintain

or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution."

An examination of the material allegations of the bill as amended, inclusive of the several prayers, discloses that a divorce is not sought or any of the several provisions of Section 4988 C. G. L. invoked, but the suit is based on Section 4989 C. G. L., and no relief sought other than provided for therein. A line of decisions of this Court from the territorial period until the present time, with one or two exceptions, generally hold that when a suit is filed under Section 4989 *supra,* it is essential that one of the parties must be a resident of Florida at the time of the institution thereof so that the court will have jurisdiction of the parties and the subject matter involved. See Bursiel v. Bursiel, 124 Fla. 187, 168 So. 3; Hendrie v. Hendrie, 118 Fla. 479, 159, So. 667; Preston v. Preston, 116 Fla. 246, 157 So. 197; Chaves v. Chaves, 79 Fla. 602, 84 So. 672; Warren v. Warren, 73 Fla. 764, 75 So. 35, L. R. A. 1917E 490; (in the latter case Justice WHITFIELD filed a vigorous and able dissenting opinion); Donnelly v. Donnelly, 39 Fla. 229, 22 So. 648; Miller v. Miller, 33 Fla. 453, 15 So. 222, 24 L. R. A. 137.

In the case of Cobb v. Cobb, 82 Fla. 287, 89 So. 869, suit was filed in the Circuit Court of Okaloosa County by the wife against her husband, claiming alimony, unconnected with the cause of divorce, under the provisions of Section 4989 C. G. L., and it was contended that the wife plaintiff, being a citizen or resident of a

State other than the State of Florida, could not maintain such a suit. The Court, in overruling this contention, in part said:

"The contention that the plaintiff could not maintain the bill being a citizen or a resident of another State is not well founded. See Shrader v. Shrader, 36 Fla. 502, 18 So. 672; Miller v. Miller, 33 Fla. 453, 15 So. 222; Warren v. Warren, 73 Fla. 764, 75 So. 35. In a proceeding of this character where the marriage relation is established, the Court has power to require the husband to provide temporary alimony and suit money for his wife. See Wood v. Wood, 56 Fla. 882, 47 So. 560; Tippin v. Tippin, 60 Fla. 378, 53 So. 838."

The case of Howell v. Howell, 113 Fla. 129, 151 So. 379, was a suit under the provisions of Section 4989 C. G. L., and the bill of complaint alleged that the defendant at the time of filing the bill of complaint was within the jurisdiction of the court. The record in the case at bar shows that the parties were within the jurisdiction of the court, the defendant having been personally served, and an assault on the wife by the husband was made in Hillsborough County and at the time plaintiff testified that her husband threatened to kill her. This Court in the case of Howell v. Howell, *supra* (text 113 Fla. 130), in part said:

". . . There appears to be no statute requiring the respondent to be a *bona fide* resident of the State for the Complainant to maintain against him a suit of this character. The statute does require that the complainant must have resided two years in the State of Florida before the filing of a bill for divorce. Section 3189 R. G. S., 4981 C. G. L. But, Section 3197 R. G. S., 4989 C. G. L., provides:

" 'Alimony unconnected with casues of divorce.— If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution.

"As there is no definite period of residence required either for the complainant or the defendant as a prerequisite to the filing and maintaining of a suit of this character we think that the question as to whether or not the respondent was a *bona fide* resident of the State of Florida is immaterial, since service of process was had upon him in this State."

The case of Valverde v. Valverde, 121 Fla. 576, 164 So. 287, was a suit for separate maintenance brought pursuant to Section 4989, C. G. L., and personal service was had on the defendant husband. The parties at the time were stationed at Fort Barrancas, a military reservation located in Escambia County, Florida. A final decree for separate maintenance was entered in compliance with the prayer of the bill and some five and one-half years thereafter a bill in the nature of a bill of review seeking to set aside and vacate the final decree for separate maintenance previously entered was filed on the specific ground that at the time the decree was entered the court was without jurisdiction of the parties or subject matter in that neither party to the original suit was a resident of Florida. This Court in disposing of said question in part said (text 121 Fla. 580-1) :

"In support of this view it is pertinent to state that

Section 3197, Revised General Statutes of 1920, Section 3197, Revised General Statutes of 1920, Section 4989, Compiled General Laws of 1927, under which appellee secured relief contains no requirement as to residence. It is as follows:

" 'If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife living with him or living apart from him through his fault, may obtain such maintenance upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution.'

"If the appellee had claimed divorce along with her prayer for maintenance then the question of residence would have been a prerequisite for relief. Donnelly v. Donnelly, 39 Fla. 229, 22 So. 648, but divorce not having been prayed for and appellee resting her case on her prayer for maintenance alone the question of her residence in the State became immaterial. Howell v. Howell, 113 Fla. 129, 154 So. 328.

"Even if the question of residence were material, we do not think complainant has stated such a case as entitled him to relief at this time. He is attempting direct attack on the maintenance decree after he had complied with it for five and one-half years. His excuse for not sooner taking steps to invalidate the decree is that he had 'been recently informed and advised that the said decree was obtained upon testimony which was false and fraudulent, in that the defendant testified that she was and had been a *bona fide* resident of the County of Escambia and State of Florida since the 8th day of May, A. D. 1926, whereas in truth and in fact neither of the parties hereto had ever been

residents of the State of Florida, but had resided upon the aforesaid Government Reservation since said date and were residing on said Reservation when said suit was filed and when final decree was granted.' "

The provisions of Section 4989 C. G. L. do not require nor is it essential for either party to be a resident of the State of Florida so as to confer on the courts of Florida jurisdiction of the parties and the subject matter. It may be sound public policy in the administration of this statute on the part of the courts not to interfere with the marital status of residents of other states when temporarily within the State of Florida, but it is the view of the writer that a husband or father, while a resident of another State and temporarily within the jurisdiction of the courts of Florida, should not be permitted or allowed by his conduct to make his wife, child or children a public charge or charges on the State of Florida under the subterfuge of not being a resident of Florida and thereby being immune from suit and at the same time being financially able to support and maintain his dependents. Justice requires that a husband when financially able should contribute to the support and maintenance of his wife and minor children in all jurisdictions, regardless of place of residence or citizenship. The residential prerequisites of one of the parties as being essential to invoking the jurisdiction of the court under this section is pure fiction, illogical, imaginary, not supported by any reasonable construction of the statute, and interferes with rather than promotes the administration of justice. See 27 Am. Jur., pages 25-6, par. 419.

The cases cited by counsel for appellee have been examined: Bowmall v. Bowmall, 127 Fla. 747, 174

So. 14; Burkhart v. Burkhart, 144 Fla. 168, 197 So. 730, 198 So. 21, and similar cases, are applicable to divorce actions and not to Section 4989 C. G. L.

The residence of a party consists of fact and intention. Warren v. Warren, 73 Fla. 764, 75 So. 35, L. R. A. 1917E 490. Residence indicates place of abode, whether permanent or temporary. Minick v. Minick, 111 Fla. 469, 149 So. 483. A resident is one who lives at a place with no present intention of removing therefrom. Tracy v. Tracy, 62 N. J. E. 807, 48 Atl. 533. Whether or not a party is a resident is a question of law and fact to be settled or determined from the facts of each particular case.

We have carefully examined the testimony offered by the parties and the facts surrounding the plaintiff's sojourn in Florida, coupled with her avowed intention of making Florida her future home, having lived here many years ago and some of her close relatives being residents of Florida, and the fact that she was without the necessities of life and that the husband approached the plaintiff below wtih his hand raised and in a threatening manner said: "I'll just end it now—I'll cut your throat now." It appears that the showing made is sufficient to meet the law's requirement as to residence under Section 4989 C. G. L.

The decree appealed from is hereby reversed with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, and THOMAS, J. J., concur.