PER CURIAM.
In this petition for certiorari the sole question presented is whether or not a circuit court in Florida has jurisdiction to award separate maintenance for the wife and support for minor children where neither wife nor husband is a bona fide resident or citizen of Florida at the time the complaint is filed.
The complaint shows that the respondent husband and petitioner wife were residents of Columbus, Georgia, and had two little girls, seven and three years old; that the husband abandoned his wife and children September 3, 1958, and that account of his [husband’s] fault they have continued to live separately. The complaint herein was filed by the wife petitioner January 28, 1959.
It appears that the wife petitioner learned that her husband, the respondent, would be taking a trip to Nassau, Bahama Islands, January 28, 1959, so she proceeded to Miami, employed counsel and filed her complaint for separate maintenance and support for the minor children relying on § 65.10, Florida Statutes, F.S.A. Personal service was secured upon defendant when he landed at the Miami Airport on his way to Nassau. Since neither party was a resident of the State of Florida at the time, defendant moved to dismiss on the ground that the Circuit Court of Dade County was without jurisdiction of the parties or the minor children. The circuit court overruled the motion to dismiss and at final hearing awarded separate maintenance in the sum of $2,500 per month, one half of which was designated for the wife and one half for the minor children. Divorce or marital settlement is not involved in this case.
On appeal to the District Court of Appeal, Third District, that court reversed the judgment of the circuit court, holding that said court was without jurisdiction unless the parties, or one of them was domiciled in Florida, or at least, was a bona fide resident of the State of Florida at the time suit was brought. This holding was in direct conflict with the holding of this court in Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870.
Respondent contends that the decision of the district court herein is not in conflict on the same point of law with the decision of this court in Kiplinger v. Kiplinger, supra. Addressing itself to Kiplinger v. Kiplinger in the instant case, the district court said:
“In a line of cases extending over a period of more than fifty years the Supreme Court of this state has announced and adhered to the proposition that it is against the policy of the State of Florida for its courts to take jurisdiction of such a marital dispute unless the parties, or one of them has a Florida domicile, or at the least is a bona fide resident of this state at the time suit is brought.”
*388 We cannot extract any such doctrine from the Kiplinger case. The Kiplingers were married in Florida and spent the winters here for many years. Mrs. Kiplinger came to Florida often with her husband and children from Indiana and while here on one such occasion the husband withdrew all support from his wife and children. Kiplinger claimed residence in Indiana but in disposing of that contention this court pronounced it á “subterfuge,” which, if successful, would render him immune from suit while his family became public charges. We held as a matter of law in the Kiplinger case that domicile or residence of either party in this state is unnecessary to confer jurisdiction on the courts of Florida in an action founded upon § 6S.10, Florida Statutes, F.S.A.
As cogent logic could be applied in this case to defeat service on respondent. It is true that Mrs. Martin caught respondent on the wing and secured service on him as he was changing planes in Miami taking flight to a foreign country where he could evade the process of the courts of Florida and thereby dodge the obligation that the law and society impose on him to support his wife and minor children. The court is powerless to make law but in matters of mere procedure when the arm of the law comes to the pass that it cannot reach and intercept a wrong like this, it is too short; certainly the court has ample power to correct it. Legal remedies should at least keep pace with the conduct of those who wilfully defy and violate plain legal mandates.
The doctrine of the Kiplinger case is the law governing the question here so the judgment of the District Court of Appeal, Third District, is quashed on authority of said cases and the judgment of the Circuit Court, Dade County, is affirmed.
TERRELL, Acting Chief Justice, and HOBSON, THORNAL and O’CONNELL, JJ., concur.
DREW, J., dissents with opinion.