DREW, Justice
(dissenting).
Petitioner seeks to have reviewed a decision of the District Court of Appeal, Third District, under Article V, Section 4 of the Florida Constitution, F.S.A. and Rule 4.S, subd. c of the Florida Appellate Rules, 31 F.S.A. Petitioner argues in his petition the decision of the District Court of Appeal, Third District, is in direct conflict with but one decision of this Court, i. e. Kiplinger v. Kiplinger, 1941, 147 Fla. 243, 2 So.2d 870.
Neither party has favored us with a citation of authorities as required by 3.7, subd. f(1), Florida Appellate Rules, however some additional authorities are discussed in the supporting briefs. Petitioner contends the District Court of Appeal, Third District, has reviewed the same decisions considered and reviewed in the Kiplinger case and has reached a contrary view to that expressed by this Court in the Kiplinger case. None of those decisions are mentioned by name nor is it explained by petitioner how those decisions demonstrate a conflict. Petitioner relies upon that portion of Kiplinger which concludes:
“ * * * The residential prerequisites of one of the parties as being essential to invoking the jurisdiction of the court under this Section is pure fiction, illogical, imaginary, not supported by any reasonable construction of the statute, and interferes with rather than promotes the administration of justice. * * * ” 2 So.2d at page 873.
We held in Williams v. Noel, Fla.1959, 112 So.2d 5:
“In order to meet the requirements of Rule 4.5, subd. c(6), supra, the petition must certainly point out the areas of conflict with specific reference to illustrative prior decisions of this court which establish the conflict.” 112 So.2d at page 7.
Petitioner’s main contention of conflict is the “misapprehension” by the District *389 Court of Appeal, Third District, in the instant case as to the legal effect of the following words in the Kiplinger case:
“ * * * It appears that the showing made is sufficient to meet the law’s requirement as to residence under Section 4989, C.G.L.” 2 So.2d at page 874.
The standard by which this Court is guided in reviewing cases of alleged conflict has been succinctly stated by Mr. Justice Thornal in Nielsen v. City of Sarasota, Fla.1960, 117 So.2d 731, 734:
“While conceivably there may be other circumstances, the principal situations justifying the invocation of our jurisdiction to review decisions of Courts of Appeal because of alleged conflicts are (1) the announcement of a rule of law which conflicts with a rule previously announced by this Court, or (2) the application of a rule of law to produce a different result in a case which involves substantially the same controlling facts as a prior case disposed of by this Court. Under the first situation the facts are immaterial. It is the announcement of a conflicting rule of law that conveys jurisdiction to us to review the decision of the Court of Appeal. Under the second situation the controlling facts become vital and our jurisdiction may be asserted only where the Court of Appeal has applied a recognized rule of law to reach a conflicting conclusion in a case involving substantially the same controlling facts as were involved in allegedly conflicting prior decisions of this Court. Florida Power & Light Co. v. Bell, Fla.1959, 113 So.2d 697.”
It must be determined therefore whether the District Court of Appeal, Third District, applied a rule of law to produce a different result in the instant case and if it involves substantially the same controlling facts as Kiplinger, supra.
The District Court of Appeal, Third District, did not attempt to apply a rule of law to produce a different result in a case involving substantially the same facts, but distinguished the facts and circumstances in Kiplinger from those in the instant case. A review of the facts in both cases is most revealing.
The Kiplingers were married in Florida in 1931 and spent the winter months in this state each year from that time until the winter season of 1940, when Mrs. Kiplinger filed her complaint. She had come to Florida with her husband and children and while here, her husband withdrew all support from his wife and children. In view of the fact that Kiplinger remained in Florida, there was no other state in which his wife could institute appropriate proceedings to secure support for herself apd her children, who would have become public charges on the State of Florida.
In the instant case, the petitioner was living with her children in Columbus, Georgia, in the home which the respondent had deeded to her shortly before their separation. Both parties continued to reside and maintain their domiciles in Columbus, Georgia, until after this suit was filed and the respondent contested the jurisdiction of the circuit court. Mr. Martin did not bring either his wife or children to Florida for any purpose, nor did he come here except as an airline passenger in transit. The petitioner learned that her husband would be at the Miami International Airport for less than one hour on January 28, 1959, in order to change planes while on a business trip to Nassau. Leaving her children in Columbus, Georgia, the petitioner came to Dade County only a day or two before January 28, 1959, when the complaint involved herein was filed. Mr. Martin was intercepted and served with process at the airport the same day, and a day or two thereafter Mrs. Martin returned to her home in Georgia.
On March 20, 1959, more than one month after the respondent filed his motion to dismiss on jurisdictional grounds, and only three days before the trial court heard the motion, Mrs. Martin returned to Florida, bringing her children with her and, ac *390 cording to her testimony, then formed an intention to remain in this State.
Unlike Mrs. Kiplinger, who would have become a public charge in Florida, and who had no other place to go for relief, Mrs. Martin admittedly came to Florida to avoid gossip in Georgia and complained, not that her husband failed to contribute to her support, but that he refused to support her and the children “in the manner and style to which he has accustomed them”.
Mrs. Kiplinger couples her sojourn in Florida with an “avowed intention” of remaining here, whereas Mrs. Martin formed no such intention until almost two months after selecting this forum for purposes of avoiding embarrassment at her place of residence.
Mr. Justice Chapman referred to Kip-linger’s claim of residence in Indiana as a “subterfuge” which, if successful, would render him immune from suit while his family became public charges.
The District Court of Appeal, after an extremely careful analysis of all the cases, stated,
“It appears, therefore, that the Kip-linger case did not overrule the earlier cases requiring residence, and we hold it is the established law that for our courts of equity to be entitled to exercise jurisdiction in a suit for alimony unconnected with causes of divorce under § 65.10, Fla.Stat., F.S.A., it is necessary that the husband or the wife be a bona fide resident of Florida at the time suit is commenced, excejst in those cases, of which the Kiplinger case is an example, which present unusual circumstances to justify trial here, such as where the parties or the wife are temporarily residing here and she has no other convenient forum, or where the wife, or wife and children thus may become public charges on the State of Florida.”
The decision sought to be reviewed in no way conflicts with Kiplinger. For this reason I must respectfully dissent.