PER CURIAM.
This is an appeal from a decree for alimony and child support entered in a suit for separate maintenance brought under § 65.10, Fla.Stat., F.S.A. The appellant raised two questions. First, it was contended the matter was not cognizable in equity because neither party resided in Florida. The second question was: “If the court had jurisdiction, the various awards were excessive in view of the husband’s income.” When the appeal was argued we held in favor of the appellant on the jurisdictional point and reversed the decree without ruling on the second question. On certiorari, the Supreme Court quashed our decision (Martin v. Martin, Fla.1961, 128 So.2d 386), and later made provision for the other question on the appeal to be considered and disposed of by this court (Martin v. Martin, Fla.1962, 139 So.2d 406). After due notice the undisposed of question was reargued. On consideration of the arguments, briefs and record, we conclude that the appellant has not carried his burden to demonstrate clear abuse of discretion by the chancellor in making the awards. Pross v. Pross, Fla.1954, 72 So.2d 671, 672; Astor v. Astor, Fla.1956, 89 So.2d 645, 648; Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663, 665.
Affirmed.