CHARLES CARROLL, Chief Judge.
The appellant Marjorie S. McKenna and the appellee Phillip C. McKenna married on December 21, 1944. The former filed suit for divorce in the circuit court of Dade County on September 9, 1965, and obtained a decree of divorce on August 17, 1966. Some weeks prior to the entry of the decree, the parties entered into a property settlement agreement. By its terms the wife was awarded custody of the youngest two of the five children born of the marriage (aged 13 and 5 years), and the husband was given custody of the three older children; the husband agreed to pay $30 per week for support of each of the two younger children plus designated medical and dental expenses, and a year’s tuition in a private school for one of them; the wife received a substantial *434 amount of money and property;[1] and each retained separately owned property and released the other from all claims. The final decree of divorce contained a paragraph ratifying the agreement and making it a part thereof.
On January 30, 1967, the wife filed this separate suit against the husband, in the circuit court of Dade County, seeking to set aside the agreement and the provision of the decree which ratified it, and, in the alternative, modification of the agreement, to require the husband to pay alimony, and to increase the child support. Later, by a stipulation of the parties, the wife’s asserted cause of action to set aside the property settlement agreement was dismissed with prejudice, reserving to her the right to continue the cause to seek modification. Thereafter the trial court denied the wife’s request for alimony, holding that the property settlement was not subject to modification under § 65.15 (now § 61.14) Fla.Stat, F.S.A. In a separate order the court, with reference to child support, found “the evidence proves that there is increased need for additional monies for the support of the two minor children in the custody of the plaintiff.” By that order the amount to be paid for support of each of the two children who were in the wife’s custody was increased from $30 to $50 per week, and the husband was ordered to pay all bills for drugs and medicines prescribed for the children, and to pay for lessons for them for ballet, guitar, piano, scuba diving, drama, “or any further educational type lessons that are provided for either or both of the children.”
On this appeal, taken by the wife from -those two orders, it is contended the trial court committed error in holding that the agreement and the decree based thereon were not subject to modification. That contention is without merit. The agreement which the parties entered into and which became a part of the decree was not one providing for payment of support or alimony to the wife. The terms of the agreement clearly reflect its character as a property settlement between the parties under which the wife received money and property in a substantial amount, and in consequence of which she relinquished claim for alimony. The validity of the agreement was established, and the wife was bound by its terms not to later claim alimony (Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Clark v. Clark, Fla. 1955, 79 So.2d 426), and the trial court was eminently correct in holding that this property settlement agreement (adopted in the divorce decree) was not subject to modification under the cited statute. See Salomon v. Salomon, Fla.1967, 196 So.2d 111, approving Salomon v. Salomon, Fla. App.1966, 186 So.2d 39.
A second contention presented on this appeal is that the increase in child support granted by the trial court was insufficient and inadequate on the eviden-tiary showing made by the wife. Gauged by the amount previously agreed upon by the parties for child support, the increase granted was not unsubstantial. This matter was one resting largely within the sound judicial discretion of the trial court on consideration of the evidence, and a party who challenges the correctness of such an allowance has the burden of demonstrating on the record an abuse of discretion. In our opinion abuse of discretion was not shown. See Ginsberg v. *435 Ginsberg, Fla.App.1959, 113 So.2d 565; Martin v. Martin, Fla.App.1962, 145 So.2d 556; Lyons v. Lyons, Fla.App.1968, 208 So.2d 137. With respect to the welfare of such children, for whose care and maintenance provision has been made in a divorce decree, the trial court stands in the position of parens patriae, and retains continuing jurisdiction to consider, upon due application, the need for modification of the decree, by way of increased support payments or otherwise, which a showing of changed circumstances may require for their care, support and welfare. See Sedell v. Sedell, Fla.App.1958, 100 So.2d 639, 642.
No reversible error having been shown, the orders appealed from are affirmed.

. By the settlement the wife received a note for $31,000 payable to the husband, secured by a mortgage on real estate; $8,000, to be paid by the husband in three annual installments, with 6% interest; transfer from the husband of 2.6 acres of land in Arizona, with a requirement that the husband pay the taxes thereon until sold, and for negotiation of a sale thereof by the husband, within 3 years, for $18,500, or if sold for less, payment of the difference by the husband; transfer by the husband to the wife of certain listed personal property; payment by the husband of all bills or debts the parties had incurred prior to October 6, 1965; and payment by the husband of fees for the wife’s attorneys in the amount of $6,000.