GEORGE H. SIMON, *Appellant,* v. AMANDA SIMON, *Appellee.*

Opinion Filed April 19, 1917.

Petition for Rehearing Denied May 5, 1917.

Where the complainant in a suit for alimony alleges that neither she nor the appellant is a resident of this State, she is not entitled to sue for alimony or maintenance in the courts of this State.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decrees reversed.

*McKay, Withers & Phipps,* for Appellant;

*Dickenson & Dickenson,* for Appellee.

WHITFIELD, J.—On January 18, 1916, George H. Simon filed a bill for divorce from his wife Amanda Simon on the statutory ground of a willful, obstinate and

continued desertion of complainant by defendant for one year, and alleging "that he is now and has been for more than two years prior to the filing of this bill of complaint, an actual and bona fide resident of the County of Hillsborough and State of Florida."

In the defendant's answer filed February 5, 1916, she "denies that the complainant, George H. Simon, is now, or has been for more than two years last prior to the filing of his bill of complaint an actual and bona fide resident of the County of Hillsborough and State of Florida, but alleges the truth and fact to be that the said complainant is a citizen and resident of Erie County in the State of New York."

In a cross-bill seeking alimony filed by the defendant February 5, 1916, she alleges "that she is a resident of the County of Erie and State of New York." A demurrer to the cross-bill was overruled and for failure to plead a decree pro confesso was entered against the cross-defendant George H. Simon.

Testimony was taken as to a decree for divorce from bed and board and for alimony in favor of the cross-complainant rendered in New York State, and final decree was made in this cause to enforce the payment of alimony due under the New York decree and for attorney fees. Other proceedings were had, but they are not material here. George H. Simon took an appeal from the final decree and from certain other incidental decrees.

There was in the cross-bill no specific prayer for the enforcement of the New York decree awarding alimony. The decree rendered is in effect for an enforcement of the alimony decreed by the New York Court.

The cross-complainant, appellee here, alleges in her cross-bill that she is a resident of the State of New York; and in her answer to the original bill in this cause filed the

same day she "denies that the complainant George H. Simon, is now, * an actual and bona fide resident of the County of Hillsborough and State of Florida, but alleges the truth and fact to be that the said complainant is a citizen and resident of Erie County in the State of New York." As the appellee alleges that neither she nor the appellant is a resident of this State, she is not entitled to sue for alimony or maintenance in the courts of this State. Donnelly v. Donnelly, 39 Fla. 229, 22 South. Rep. 648. This being so the cross-bill praying for alimony, should have been dismissed for want of jurisdiction as shown by the pleadings in the cause. There being no prayer in the cross-bill for the enforcement of the New York decree for alimony, there was no occasion for retaining the cross-bill for that purpose. The allegations of the cross-bill as to the property of the appellee in this State seem to indicate that a remedy at law is afforded.

The final decree and the decrees incidental thereto, that are appealed from, are reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.

_____

ON REHEARING.

PER CURIAM.—As the court held that the cross-bill praying for alimony should have been dismissed for want of jurisdiction as shown by the pleadings in the cause, a discussion of the merits of the cause as requested by a petition for rehearing would be out of place, therefore, a rehearing is denied.