HERBERT R. EARLE, et al., *Appellants*, v. DETROIT AND SECURITY TRUST COMPANY, et al., *Appellees.*

DETROIT AND SECURITY TRUST COMPANY, *et al., Appellants,* v. HERBERT R. EARLE, *et al., Appellees.*

138 So. 65.

Division B.

Opinion filed November 20, 1931.

*Smith, Crofton & Wilson,* and *David Peel,* of Titusville, for Appellants;

*Kay, Adams, Ragland & Kurz,* of Jacksonville, for Appellees.

DAVIS, J.—This appeal and cross-appeal in this case raise but one proposition which is necessary to be discussed in

this opinion. That is the authority of a chancellor to make an order before the pleadings are settled requiring and directing a defendant in a pending chancery cause to appear before the chancellor to answer oral interrogatories and submit to an examination concerning the allegations of a bill of complaint upon which extraordinary relief *pendente lite* and final is being sought with reference to a trust estate being handled by him.

After filing their amended bill of complaint seeking to have the appellant Earle deposed as trustee of an alleged "pure" trust and another trustee substituted, the complainants propounded certain written interrogatories to the defendant Earle to which interrogatories the complainants required said Earle to file his answers under oath within ten days, presumably as required by Sections 2734-2735 R. G. S., 4406-4407 C. G. L.

Thereafter the defendant Earle and his wife filed a motion to strike the interrogatories and interposed exceptions thereto. The complainants made it appear that the interrogatories were propounded in an effort to invoke the procedure provided by Sections 4406 and 4407 C. G. L.

The court was of the opinion that those sections were not applicable in chancery cases and struck the interrogatories, but the complainants were allowed to propound other interrogatories to the defendant Earle under other laws of Florida or under Federal Equity Rule 58, as complainants might be advised. This order forms the basis of the cross-appeal.

Thereafter on December 10, 1929, counsel for complainant requested the court to make an order directing the defendant, Herbert C. Earle, to appear before the court at Sanford, Florida, at such time and date as might be agreeable to the court to answer such interrogatories as should be propounded to him by the court or by counsel of record for either of the parties material to or concerning the matters alleged in complainants' amended bill. Upon this.

application the court made an order requiring the defendant Earle to be and appear before the court at chambers in Sanford, Florida, December 23, 1929, at 10:00 A. M., there to answer such interrogatories as might be put to him by the court by counsel for the complainant or defendants touching the matters raised by the bill of complaint. Ten days service of this order was required to be made prior to the date set for the hearing. This order forms the basis for the direct appeal here involved.

The defendant, Earle, upon learning of the order for oral interrogation, made a motion to suppress, vacate and set aside such order. This the court refused to do, and such refusal is also made a basis of appeal by Earle.

The amended bill of complaint set up the making of what is commonly known to the bench and bar as a "Massachusetts" trust for the development and exploitation of certain land known as "India-Atlantic By-The-Sea". In this bill it was charged that Earle, the trustee, had made withdrawals from the trust assets in his charge of considerable sums of money and thereby breached the terms of the trust and forfeited his right to remain any longer as trustee thereof. The instrument of writing by which the trust was evidenced contained a provision that a certain deed executed by Earle and wife to the Security Trust Company, dated May 25, 1923, should become effective upon the death or legal disability of said Herbert R. Earle before full execution of the trust, thereby vesting the further execution of the trust in said Security Trust Company as successor trustee by agreement of the parties in interest.

The prayer of the bill was that the defendant Earle be deposed as trustee; that the custodian of the properties who had been appointed by the court be deposed; that a new trustee be placed in charge of the property as contemplated by the agreement of the parties upon the *disability* of Earle; that an accounting be had by Earle con-

cerning the affairs of the trust estate, and for other and further appropriate relief.

Complainants made application to the court in the nature of a motion for extraordinary relief *pendente lite* for leave of the complainant trust company to record the deed transferring the functions of trustee from Earle to the trust Company which was to take effect upon Earle's disability, it being alleged that the misconduct of Earle, coupled with his insolvency as alleged in the bill, constituted such disability as warranted the granting of this application. The chancellor, however, ruled that the application for such relief was in the nature of an application for a decree which could only be made at final hearing and refused to pass upon the application because it was premature. This action of the court is also embraced in the cross-appeal brought here by the complainant.

The present suit related to a trust and the object of it was to compel the defendant named therein to give an account of the performance of his trust functions, and also to surrender up any part of the trust estate which might be in his hands should the court deem it proper to appoint a new trustee.

Section 4919 C. G. L., 3132 R. G. S., prescribes the *practice* which shall prevail in courts of chancery in this State in the absence of "provisions of law" or "rules of practice." The statute thus appears to make a distinction between "practice" and "rules of practice." See Delbeck Investment Co. v. Raff, decided at this term, opinion filed September 19, 1931.

Under the ancient practice of courts of chancery in England it appears that the complainant in chancery cases originally did not pray any relief or any process, but merely left the chancellor to send for the defendant or to examine the defendant, thus bringing the defendant before the court in order that whatever relief was awarded should operate against the defendant *in personam.* See

Story's Equity Plead. (10th Ed.) par. 12, *et seq;* Henderson's Chancery Practice, par. 72.

Thus it will be seen that under the *practice* of courts of chancery in England which would be applicable to courts of chancery in Florida, in the absence of a *rule* of practice in this State or a statute of this State or a *rule* of practice prescribed by the Federal Courts, it is permissible for the chancellor to require a defendant to personally appear before him, there to be examined concerning any matter relating to the subject matter of the suit.

This "practice" of the English Chancery courts operates by analogy only in our courts under Section 4919 C. G. L., *supra,* and does not operate at all where there exists, either in the Federal courts or in our own courts, a "rule" or statute which covers the same subject and prescribes a different course of procedure.

All the proceedings in this case which are before the court on this appeal appear to have transpired subsequent to the enactment and taking effect of Chapter 13660, Acts of 1929, which amends Section 4910 C. G. L., 3142, R. G. S., so that the same reads as follows:

"If an answer shall be considered insufficient, in whole or in part, the complainant's solicitor may demur thereto or any part thereof at any time before the next rule day or at such time as the judge may allow; and the defendant may be examined on interrogatories and be committed until he sufficiently answers them; or the plaintiff may move the court to take so much of the bill as is not answered as confessed, and may file his replication, obtain testimony and proceed to hearing in the usual manner."

As will be noted, the 1929 Act provides that if an answer filed by the defendant is insufficient, in whole or in part, the defendant may be examined on interrogatories and may be committed until he sufficiently answers such interrogatories. This statute seems to change the pre-existing *practice* to the extent of making an examination on in-

terrogatories a step which is only permitted to be taken in the event the answer filed by the defendant is considered insufficient. To this extent the 1929 statute appears to conflict with Federal Equity Rule 58, which provides that the plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, may file interrogatories in writing for discovery by the opposite party of facts and documents material to the complaint or defense of the cause. To the extent of the conflict, therefore, the 1929 statutes takes precedence and we must so hold. It follows that under Chapter 13660, Acts of 1929, *supra*, the complainant is entitled to examine the defendant on interrogatories only after the defendant's answer has been filed, considered and deemed insufficient.

In Wright v. Dodge Brothers, 300 Fed. 455, it was held that the purpose of Federal Rule 58 authorizing interrogatories was to enable the court to make a summary disposition of a cause by applying the law to an admitted state of facts. In Porto Rican-American Tobacco Co. v. American Tobacco Co., 30 Fed. (2nd) 234, which is a Circuit Court of Appeals case, it was stated that information exclusively within the knowledge of the party interrogated appears to be a test of the propriety of the interrogatories propounded in the Federal Courts. In Luten v. Camp, 221 Fed. 424, it was stated that answers to interrogatories under Rule 58 are not part of the pleadings in the cause and are not to be so considered. In Statutes applying to equity causes authorizing examination of parties before trial at the instance of the adverse party there is always found a construction which by analogy makes such examination operate as a substitute for the discovery in equity which was always permitted under the accepted equity practice, as will be disclosed from an examination of the many cases decided in the Federal Courts which have considered and applied Federal Equity Rule 58.

The examination on interrogatories permitted by Chapter 13660, Acts of 1929, supra, appears to have the same object and purpose as Federal Rule 58 in so far as it operates at all in a given case and perhaps this statute should be construed and applied in the same general way as the Federal Equity Rule relating to the same subject has been construed and applied.

In this case the court below does not appear to have made its order for the examination of the defendant Earle in the light of what is provided by the 1929 statute, because the order itself appears to have been made before any answer whatsoever was required of the defendant and without any reference to whether or not the oral examination was necessary under the circumstances. It is obvious that had an answer been filed and such answer had disclosed all the matters about which complainant wished to inquire on interrogatories that no interrogatories and no oral examination by order of the court would have been warranted because the purpose of same would have been fully accomplished by what was dealt with and admitted in the defendant's answer.

Whether or not Sections 4406-4407 C. G. L., 2734-2735 R. G. S., *supra,* were ever applicable to chancery causes in this State is not necessary to be decided because of the provisions of the 1929 statute which, operating in *pari materia* with Section 4919 C. G. L., 3132 R. G. S., appears to completely cover the same subject in a way more adapted to being carried out in equity cases.

In this connection it is pertinent to refer to Section 48 of Chapter 14658, Acts of 1931, which completely revises the chancery practice in this State. While the new 1931 chancery practice Act was not in force and was not applicable to the case at bar, Section 48 was evidently inserted therein to provide the rule which should obtain in situations such as we have in the case at bar. The new chancery Act expressly repeals Chapter 13660, Acts of

1929, *supra,* and Section 48 thereof was obviously adopted to supply a new rule in harmony with the Federal rule to take the place of the rule which was abolished with the repeal of Chapter 13660.

Both parties appear to be dissatisfied with the theory of practice followed by the court below, as evidenced by the appeal and cross-appeal. The chancellor himself seems to have overlooked the effect of Chapter 13660, Acts of 1929, *supra,* in disposing of the motions and counter motions presented before him. Since the occurrence of all of these happenings the Legislature has completely changed the law relating to chancery procedure and practice under which the same controversy which arose here is not likely to arise again upon remand of this cause to the court below. In Schmitt v. Bethea, 78 Fla. 304, 82 So. 817, this Court reversed the decree entered by the chancellor in that case because of a misconception of the rules of evidence and their application to the facts offered in evidence, in order that an appropriate decree might be considered and entered by the chancellor acting under a proper conception of applicable principles to the matters in controversy. Upon the same theory we think that the order of the court striking the interrogatories filed by the complainant and the order requiring the defendant Earle to appear before the court for oral examination should both be reversed without prejudice and the cause remanded for further consideration upon the matters involved in the light of the new State equity practice and the principles discussed in this opinion. The order denying the complainant's application in the nature of a motion for extraordinary relief to authorize the trustee to record the deed of Herbert R. Earle to the Trust Company and to take over the management of the properties involved was one within the sound discretion of the chancellor to be granted or withheld in accordance with sound equitable principles. Such relief would in its nature be akin to the

granting of a mandatory injunction in favor of the complainant against the defendant to compel him to submit to the transfer of his rights as trustee, and the disposition of such motion should be governed by the rules we have heretofore laid down applying to granting of mandatory injunctions. See Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541. With regard to this last mentioned order, we find no abuse of discretion, so that order must be affirmed without prejudice to the right of complainant to make another motion of like character if deemed warranted by the facts and circumstances, in view of the reversal of the others just mentioned.

The orders appealed from relating to the filing of interrogatories and the oral examination of the defendant Earle, as required by the court, should be reversed without prejudice and the cause remanded for further proceedings in accordance with this opinion. The order denying complainant's application for leave to complainant Trust Company to record the deed mentioned in complainant's amended bill and for leave of said Trust Company to take over the management of the trust properties involved in the cause and the order refusing complainant the right to adduce testimony in support of complainant's application for authority to record said deed and to take over the management of said trust properties should be affirmed without prejudice to the complainant to make another motion in proper form involving the same relief. The costs of the appeal should be divided between appellants and appellees share and share alike.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.