CHARLES RAYMOND PRESTON v. LOLA WILLIAMS PRESTON.

157 So. 197-198.

Division A.

Opinion Filed Dec. 19, 1933.

Opinion on Rehearing Filed April 27, 1934.

Supplemental Opinion Filed Sept. 26, 1934.

*E. F. P. Brigham,* for Appellant;
*Charles A. Morehead,* for Appellee.

PER CURIAM.—This appeal is from an interlocutory order granting complainant temporary alimony, suit money, and counsel's fees in a suit by her for alimony unconnected with divorce as authorized by Section 3197, Revised General Statutes of 1920, Section 4989, Compiled General Laws of 1927.

Appellants contend that the decree appealed from was error because the record discloses that the appellee had deserted the appellant, that the appellee did not have the requisite legal domicile to file the bill in this cause, that the bill is predicated on acts of cruelty as grounds for divorce, but shows only isolated instances of such cruelty, that the appellee had not been legally divorced from a former marriage, and for other reasons.

We have examined the record in the light of each and every challenge to it and while we do not at this time attempt to adjudicate any of them, even if some of them on final hearing may be established, ample support is found for the decree allowing temporary alimony, suit money, and counsel's fees, and it is therefore affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.

PER CURIAM.—This case is before us on rehearing granted pursuant to opinion and judgment affirming the order of the Circuit Court filed on December 19, 1933.

On reconsideration of the case we find that while the appellee, who was complainant in the court below, alleged in her bill of complaint that defendant had committed adultery upon numerous occasions with a woman by the name

of Margaret or Peggy who worked in a certain named place in Miami, she did not upon the hearing prove, or attempt to prove, any such conduct on the part of defendant, but abandoned that part of her charge against him. Without this charge and proof of the facts upon which it was based, she was required to allege and prove two years *bona fide* residence in the State of Florida next prior to the filing of the bill of divorce.

The record shows not only that she abandoned this allegation of her bill of complaint, but it further shows that she entirely failed to establish the fact that she had been a resident of the State of Florida for two years next preceding the filing of the bill.

The order appealed from should, therefore, be reversed on authority of the opinion and judgment in the case of Marsicano v. Marsicano, 79 Fla. 278, 84 Sou. 156. It is so ordered.

Reversed.

BUFORD, J., concurs.

DAVIS, C. J., and WHITFIELD and ELLIS, J. J., concur specially.

TERRELL, J., dissents.

DAVIS, C. J. (concurring).—In the opinion filed December 19, 1933, this Court treated the bill as having been filed under Section 3197 R. G. S., 4989 C. G. L., which reads as follows:

"If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution."

Upon reconsideration of the whole record it seems to me that the bill should be construed as attempting to state a case under Section 3196 R. G. S., 4988 C. G. L., which reads as follows:

"If any of the causes of divorce set forth in Section 4983 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife. (Ch. 3581, Feb. 14, 1885, Secs. 1, 2.)"

The proof was offered by the complainant below and apparently received by the Chancellor on the theory that the issue to be tried was that which could only arise under Section 4189 C. G. L., rather than 4188. Because of this circumstance, I think the decree here appealed from should be reversed on rehearing on the authority of Schmitt v. Bethea, 78 Fla. 304, 82 Sou. Rep. 817; Earle v. Detroit & Security Trust Co., 103 Fla. 618, text 626, 138 Sou. Rep. 65; Atlantic Shores Crop. v. Zetterlund, 103 Fla. 761 (11th head note), 138 Sou. Rep. 50, wherein this Court held that a decree arrived at by a Chancellor on an erroneous conception of the pleadings and issues will be reversed and the cause remanded for reconsideration and rehearing in the lower court on the issues as correctly ascertained and declared by the appellate court.

To maintain a suit under Section 4189 C. G. L., *supra,* the wife must be willing to live with her husband, although she is not precluded from relief if she is not living with him, provided she can show it was and is through the husband's fault that she does not do so. The suit authorized by this section is in the nature of an equitable suit for spe-

cific performance of the husband's marital duty to render his wife support, the right to which she has not lost or forfeited. On the other hand, the right to the relief authorized by Section 4188 C. G. L., *supra,* is in the nature of a limited divorce and is only authorized under circumstances that divorce itself is authorized. The distinction between the rights, arising under each of these sections, and the relief to be awarded, should not be ignored, nor confused.

In this case, for a part of the time at least, the separation of the parties was by their mutual wish and acquiescence.

WHITFIELD and ELLIS, J. J., concur.

## SUPPLEMENTAL OPINION.

PER CURIAM.—Two appeals are pending in these cases— the first appeal being from an order dated December 15, 1931, relating to temporary alimony and solicitors' fees, the second appeal being from an order setting aside a final decree of divorce. Two opinions of this Court have heretofore been filed touching the controversy involved in these proceedings. See foregoing opinion, filed December 19, 1933, and opinion on rehearing, filed April 27, 1934, 157 So. 197, 198.

On September 4, 1934, Charles Raymond Preston filed in this Court his sworn written statement wherein and whereby he tendered his special offer to receive appellant into his home at Miami, Florida, and amply provide for her subsistence and to dismiss his action for divorce against her, on condition that the wife, Mrs. Lola Williams Preston (1) dismiss her pending litigation against him and (2) that she will return to Miami, Florida, and live with appellant (husband) as man and wife, *and not bring any of her relatives with her.* Accompanying the above tender was a deposit with the Clerk of the Supreme Court of $200.00 in

cash to pay for Mrs. Preston's railroad fare and expenses. from California to Miami.

On September 21, 1934, Mrs. Preston filed in this Court. her written acceptance of her husband's offer, provided her expenses of litigation are defrayed by her husband.

The case is pending on an appeal from an order affecting. a final decree. The final decree attacked necessarily involves everything relating to the marital status of appellant: and appellee and the rights and liabilities of each of the parties now before the Court. Under our statutes an appeal to this Court in an equity cause is but a step in the. proceedings, the effect of an appeal from a final decree, or from an order affecting such final decree, being to transfer the whole record to the appellate court.

To the end that the efforts at reconciliation between the. parties to the cause may be further dealt with by appropriate orders and decrees adjusting and disposing of the controversy now pending in this Court on appeal, it is now ordered by this Court that the several orders and decrees appealed from in this cause be vacated and reversed without prejudice to either appellant or appellee, with directions. that the cause be remanded to the Circuit Court of Dade County for the making of such further orders and decrees as may comport with the efforts of the parties to effect a. reconciliation of their differences, or by the entry of such orders and decrees as may be found to be necessary to finally dispose of the controversy by reinstating the several orders and decrees appealed from and thus restore the respective parties to their former positions, if such reconciliation efforts shall not be affected.

Cause on appeal remanded to Circuit Court for further proceedings in accordance with opinion and appeals and orders and decrees appealed from vacated without prejudice.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.