HORTON, Chief Judge.
This is an interlocutory appeal from an order of the Circuit Court of Dade County, Florida, refusing to dismiss appellee’s cross complaint for separate maintenance brought under § 65.09, Fla.Stat., F.S.A.
The controlling question on this appeal is the jurisdiction vel non of the circuit court to hear and determine a cross complaint of a non-resident wife for separate maintenance, pursuant to § 65.09, supra, against her non-resident husband.
The appellant instituted a suit for divorce, alleging that he was and had been a resident of Dade County, Florida, more *650 than six months prior to the filing of his complaint. The appellee-wife’s residence was alleged to be in the state of Alabama. The wife moved to dismiss the complaint for divorce upon the ground that the husband was not a resident of Florida. At a date set for hearing by the court for the taking of testimony upon the wife’s motion to dismiss the bill of complaint for divorce, there was filed a cross complaint for separate maintenance by the wife. It was unnecessary for the court to take testimony on the wife’s motion to dismiss inasmuch as •the husband voluntarily moved to dismiss 'his complaint and his motion was granted. At the same time, the husband was permitted by the court to file a motion to dismiss the wife’s cross complaint for separate maintenance and upon the filing of same, the court denied the motion and this appeal followed. The wife’s cross complaint alleged that both she and her husband were residents of Lafayette, Alabama, and further alleged facts constituting grounds for divorce as recognized by § 6S.04, Fla.Stat., F.S.A., with a prayer for an award of support and maintenance, court costs and attorney’s fees.
The appellant contends that since the ap-pellee-wife specifically filed her cross complaint under § 65.09, supra, and alleged grounds for divorce as recognized under § 65.04, supra, it was necessary that she allege and prove that she was a resident sufficient to qualify her to maintain a bill of complaint for divorce under § 65.04. We' conclude that there is merit in this contention.
The two statutory sections pertaining to separate maintenance alimony are as follows :
Section 65.09, “Alimony unconnected with divorce.
“If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may-obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.
Section 65.10, “Alimony unconnected with causes of divorce.
“If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution.”
One of the earlier statutes relating to alimony unconnected with divorce (§ 65.09) is chapter 3581, Laws of Florida, 1885, which provided in substance that circuit courts would have jurisdiction to grant alimony on application therefor against a husband when he had committed any act which would be a cause of divorce under the existing state statute; and provided that such action could be instituted by a bill for divorce, or in the answer of the wife, or on a bill filed by her for alimony. We have been unable to find wherein this specific statute was construed by the Supreme Court of Florida. However, the next significant change in this statute was in 1892 under § 1485 of the Revised Statutes. This section (§ 1485) amended chapter 3581, Laws of Florida, 1885, and reads almost verbatim as the present § 65.09. In Miller v. Miller, 33 Fla. 453, 15 So. 222, 224, 24 L.R.A. 137, the Supreme Court of Florida, in commenting on § 1485 (alimony unconnected with divorce) and § 1486 (alimony unconnected with causes of divorce) said:
“Where the application for alimony is predicated solely and entirely upon ‘the existence of a cause for divorce,’ *651 ^ * * then we think that the bill therefore should allege, and it should also be proved, that the complainant wife has in fact resided in this state continuously for two years next prior to the exhibition of her bill, because, under our statute requiring two years’ residence on the part of the applicant for divorce before the doors of our courts are open to his or her complaint, no ‘cause for divorce’ can properly be said to exist in this state in favor of such applicant — at least, none such as our courts could recognize — until he or she shall have completed the requisite two years’ residence here.”
See also Donnelly v. Donnelly, 39 Fla. 229, 22 So. 648.
In General Statutes of Florida, 1906, § 1485 of the Revised Statutes of 1892 was changed to § 1933. While this section (§ 1933, General Statutes, 1906) was in effect, the Supreme Court of Florida, in Simon v. Simon, 73 Fla. 919, 75 So. 35, held that a cross bill by a wife, seeking alimony, filed in an action brought by her husband for divorce, could not be maintained where the cross complaint alleged that the wife was a resident of the state of New York and denied that the husband was a resident of the state of Florida. Also, in Warren v. Warren, 73 Fla. 764, 75 So. 35, 41, L.R.A. 1917E, 490, the Supreme Court of Florida had before it the jurisdictional question regarding §§ 1933 and 1934 of the General Statutes of .1906. There, the court said:
“If, then, the defendant at the time the bill was filed was not ‘actually, legally, and bona fide domiciled in this state as a citizen thereof,’ the court was without jurisdiction to grant the relief prayed for in the bill, because, as was said in the Miller case [Miller v. Miller, supra] it is not within the spirit and intent of the statutes to which reference has been made to confer upon our courts the power to interfere in any respect with the marital status of citizens of other states who may be here only on a temporary visit, either to pass upon such status or to enforce any of the rights and duties that depend thereon.”
Again, 75 So. at page 42, the court said:
“Under section 1933 the power of the court to grant alimony upon the grounds that a cause for divorce exists is dependent upon the complainant’s residence in this state having continued for two years before the application for the relief is made, whereas under section 1934 our courts have jurisdiction to enforce the duty of maintenance and support due from a husband to the wife, where one of the parties ‘is actually, legally, and bona fide domiciled in this State as a citizen thereof.’ ”
The General Statutes of 1906, § 1933, was changed to § 3196 in the Revised General Statutes of 1920.
In the Compiled General Laws of 1927, § 4988 was substituted for former § 3196 of the Revised General Statutes of 1920, and no changes were made in the context of the section. However, in Preston v. Preston, 116 Fla. 246, 157 So. 197, 199, in comparing §§ 4988 and 4989, Compiled General Laws of Florida, 1927, the court, in a concurring opinion, said:
“On 'the other hand, the right to the relief authorized by section 4988, Comp.Gen.Laws, supra, is in the nature of a limited divorce and is only authorized under circumstances that divorce itself is authorized. The distinction between the rights arising under each of these sections, and the relief to be awarded, should not be ignored, or confused.”
Although comment was made in other cases regarding the applicability of the current statute (§ 65.09) nevertheless the latest expression by the Supreme Court of Florida on this section is contained in Schwenk v. Schwenk, 159 Fla. 694, 32 So.2d 734, 735, decided in 1948. The Supreme Court in that case departed from its prior holdings *652 construing this statute and its predecessors and held that the requisite period of residence required for obtaining a divorce was “wholly inapplicable to suits by a wife for alimony filed under Section 65.09, supra. See Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870.”
An examination of the Kiplinger case discloses that the action there was originally predicated on §§ 4988 and 4989, Compiled General Laws of Florida, 1927, but by amendment eliminated all allegations or reference to § 4988 and proceeded solely under § 4989 (now § 65.10). The Supreme Court in the Kiplinger case specifically considered and held that the provisions of § 4989, Compiled General Laws of Florida, 1927, (now § 65.10, Fla.Stat., F.S.A.) did not require either party to be a resident of the state of Florida so as to confer on the courts of Florida jurisdiction of the parties and the subject matter, although that holding was confused somewhat when the Supreme Court, in concluding its opinion, said: “It appears that the showing made is sufficient to meet the law’s requirement as to residence under Section 4989, C.G.L.” [147 Fla. 243, 2 So.2d 874.]
Again, in Garfield v. Garfield, Fla.1952, 58 So.2d 166, the court cites as its authority for holding that the circuit court had jurisdiction to grant the wife alimony unconnected with divorce, , the Kiplinger and Schwenk cases. A reading of the Garfield case does not disclose the specific section under which the wife’s claim for alimony was predicated; nevertheless, it would appear from the allegations of the wife’s complaint that her claim was grounded on § 65.10.
Section 65.09, supra, by its very context, refers to statutory grounds for divorce, encompassed by the provisions of § 65.04. Obviously, the legislature intended some distinction or difference between §§ 65.09 and 65.10 when it provided that under the former, where the wife had grounds for divorce as recognized by law, she could, upon the allegation of such grounds obtain separate maintenance; whereas, the latter statute would appear to be grounded upon the husband’s continuing duty to support his wife. Without some distinction, there would appear to be little purpose in the legislature’s enacting separate statutes.
It is, therefore, our holding that under the circumstances as demonstrated by the record in this cause, where the wife is a non-resident and alleges that the husband is likewise a non-resident, and further proceeds to allege under § 65.09 causes for divorce as recognized by § 65.04, that the better logic and reason supports the view that such an action could not be maintained in the courts of this state. We realize our obligation to follow the decisions of our last court of resort, but where there appear, as here, to be divergent views represented by the opinions of that court, we should adopt that line of decisions which is supported by sound logic and reasoning, and is compatible with a more orderly administration of justice.
Flaving decided that a non-resident wife could not maintain by cross complaint a suit for separate maintenance under § 65.09, supra, against a non-resident husband, there nevertheless remains the question of the propriety of the award of attorney’s fees to the wife’s counsel. Obviously, attorney’s fees to the wife’s counsel could not be predicated upon the cross complaint, having found, as we did, that the court had no jurisdiction to entertain the same. However, since it was necessary for the wife to procure the services of attorneys and they were successful in defending the divorce action brought against her in the courts of this state, they would be entitled to a reasonable attorney’s fee for such services. See Dailey v. Dailey, 123 Fla. 278, 166 So. 564; Barkley v. Barkley, Fla.1949, 42 So.2d 51.
Accordingly, the order denying the appellant’s motion to dismiss the cross complaint for separate maintenance is reversed, with directions to dismiss the cross com *653 plaint. Further, the chancellor is authorized to consider, ascertain and award a reasonable attorney’s fee to the appellee-wife’s attorneys for their services in defending the divorce action brought against her by the husband.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ-, concur.