### JONES v. JONES.
No. 60 C 6983.

Circuit Court, Dade County.
August 18, 1960.

Frank B. Byron, Miami, for plaintiff.

William W. Trick, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

This cause came on for hearing on the defendant's motion to dismiss the complaint on the ground that it fails to state a cause of action on which relief can be granted.

The complaint seeks temporary alimony unconnected with divorce and temporary and permanent custody of the minor children of the parties and temporary and permanent support of the minor children as well as an injunction against the defendant from removing the children from this jurisdiction.

It apparently proceeds under section 65.09, Florida Statutes. It is clearly not under section 65.10 as it fails to allege that the husband, having ability to maintain or contribute to the maintenance of his wife or minor children, fails to do so.

There is no allegation in the complaint that the parties or either of them is a resident of Florida. In fact the contrary appears. It is alleged that the plaintiff is a resident of Tinton Falls, N. J. and that the defendant was a resident of Tinton Falls, N. J., and has apparently taken up residence in Dade County, but it is not alleged that he has resided in Dade County more than six months as required by section 65.02, and it was freely admitted at the hearing that neither party has resided in this jurisdiction for that period.

Plaintiff's contention is that under section 65.09, providing for alimony unconnected with divorce, it is not necessary to allege or prove residence, citing Schwenk v. Schwenk (1947), 159 Fla. 694, 32 So. 2d 734. That case squarely holds that "the ninety day residence period prior to filing suit for divorce is wholly inapplicable to suits by the wife for alimony filed under section 65.09".

The plaintiff cites 10 Florida Jurisprudence 583, section 178, to sustain the proposition. That authority observes that the Schwenk case made no mention of the previous cases in which the contrary was held. We quote — "Earlier contrary decisions under the two-year law have not been expressly overruled. Miller v. Miller (1894) 33 Fla. 453, 15 So. 222, 24 LRA 137; Donnelly v. Donnelly (1897) 39 Fla. 229, 22 So. 648; Warren v. Warren (1917) 73 Fla. 764, 75 So. 35, LRA 1917E 490; Marsicano v. Marsicano (1920) 79 Fla. 278, 84 So. 156; Preston v. Preston (1933) 116 Fla. 246, 157 So. 197."

Indeed the Court of Appeal of the Third District in the more recent case of Tinsley v. Tinsley, 116 So. 2d 649, after considering the Schwenk case, came to the conclusion that it was a departure from previous expressions of the Supreme Court and it declined to follow it. In this, the Court of Appeal seems to be correct.

Accordingly the motion to dismiss the complaint will be granted and the complaint dismissed.