TERRELL, Justice.
This petition for certiorari seeks to review a decision of the District Court of Appeal, Third District, on the ground that said decision is in conflict with Schwenk v. Schwenk, 1948, 159 Fla. 694, 32 So.2d 734, and Kiplinger v. Kiplinger, 1941, 147 Fla. 243, 2 So.2d 870, decided by this court. The case arose from these facts:
W. C. Tinsley, Jr., hereinafter referred to as Tinsley, filed suit for divorce in the Circuit Court of Dade County alleging that he was bona fide resident of that county and had been for more than six months pri- or to filing his complaint. His wife, Dorothy C. Tinsley, hereinafter referred to as Dorothy, moved to dismiss Tinsley’s complaint, challenging his residence in Dade County. The court set a hearing for September 10, 1959, to take testimony on the issue of residence. Prior to said hearing, Dorothy filed cross-complaint for separate maintenance unconnected with divorce but based on causes for divorce pursuant to § 65.09, Florida Statutes, F.S.A. and set said notice of hearing upon application for temporary support, maintenance and attorney’s fees as prayed for in her cross-complaint.
At the hearing Tinsley moved for voluntary dismissal of his complaint together with the cross-complaint of Dorothy for separate maintenance. On September 11, 1959, the court granted Tinsley’s motion for voluntary dismissal of his complaint but denied his motion to dismiss Dorothy’s cross-complaint for separate maintenance. A hearing was held and testimony was taken on the application of Dorothy for temporary support and attorney’s fees which resulted in an award of $450 per month temporary support and maintenance and $500 as temporary attorney’s fees. Tinsley took an interlocutory appeal to the District Court of Appeal, Third District, from (1) the order granting temporary alimony, maintenance and attorney’s fees; (2) the order dismissing the complaint for divorce and denying his motion to dismiss Dorothy’s cross-complaint for separate maintenance, and (3) the order dismissing the complaint for divorce and denying the motion to dismiss the cross-complaint for separate maintenance and requiring him [Tins-ley] to plead to cross-complaint within 10 days.
On this state of the record, the district court of appeal ruled that the controlling question presented was the jurisdiction vel *554 non of the circuit court to hear and determine a cross-complaint of a non-resident wife for separate maintenance, pursuant to § 65.09, Florida Statutes, F.S.A., against her non-resident husband.
On this point of law, the District Court of Appeal, Third District, rendered the following decision [116 So.2d 652]:
“It is * * * our holding that * * * where the wife is a non-resident and alleges that the husband is likewise a non-resident, and further proceeds to allege under § 65.09 causes for divorce as recognized by § 65.04 * * * that such an action could not be maintained in the courts of this state.”
From reading the opinion of the district court, it appears that in promulgating the foregoing pronouncement it relied on Miller v. Miller, 1894, 33 Fla. 453, 15 So. 222, 24 L.R.A. 137; Donnelly v. Donnelly, 1897, 39 Fla. 229, 22 So. 648; Simon v. Simon, 1917, 73 Fla. 919, 75 So. 35; Warren v. Warren, 1917, 73 Fla. 764, 75 So. 35, L.R.A. 1917E, 490, and perhaps others. Concluding its discussion of these cases the district court of appeal said:
' ' “We realize our obligation to follow ' the 'decisions of our last court of resort, but where there appear, as here, to be divergent views represented by the opinions of that court, we should 'adopt that line of decisions which is . supported by sound logic and reasoning, and is compatible with a more orderly administration of justice.”
The logic of the district court of appeal for not following “our last court of resort” is, to say the least, unique and we are prepared to admit that it is as compatible with “sound logic” and a “more orderly administration of justice” as some recent expressions of other very respectable courts in this country on what constitutes due process and equal protection; but when we come face to face with the law governing alimony under § 65:09, Florida Statutes, F.S.A., we find ourselves unable to travel with our brethren of the district court on their theory of “sound logic” and a “more orderly administration of justice.”
It is quite evident that the decision of the district court of appeal is in direct conflict with the decision of this court in Schwenk v. Schwenk and Kiplinger v. Kip-linger, supra, on the same facts. We prefer to adhere to our holding in these cases that the ninety day residence period, now six months, for divorce is “wholly inapplicable to suits by a wife.for alimony filed under Section 65.09, supra.” [159 Fla. 694, 32 So.2d 735]
Certiorari is granted and the judgment of the District Court of Appeal, Third District, is quashed.
THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL, JJ., concur.