WILLIS, BEN C., Associate Judge.
Appellant-plaintiff wife filed suit for alimony unconnected with divorce under Sec. 65.09, Florida Statutes, F.S.A., alleging extreme cruelty on the part of the defendant-husband and the separation of the parties on account of same. She prayed for separate maintenance for herself and their 18 year old son, possession and use of the home of the parties and its furnishings, use of one of the automobiles of the parties, and for attorneys fees.
The defendant answered denying the allegations of extreme cruelty and affirmatively alleged the payment of $5,000 to plaintiff for her support sometime prior to institution of the suit and “that she still has the money or should have the same”. He prayed that the relief sought by plaintiff be denied.
Subsequently, defendant moved to dismiss the complaint on the grounds (1) that at time of filing of the suit he was fully performing his obligation to support the plaintiff, and (2) prior to the suit he had given defendant $5,000 proceeds from the sale of his business to use for support of the family until he re-established himself in another business, and that plaintiff should be able to support herself thereon “for many days subsequent to the filing of the complaint”.
After a trial on the issues made by the pleadings and the motion, a final decree was rendered which granted the motion to dismiss and dismissed the cause, without prejudice. The chancellor, in his final decree, specifically found that the plaintiff had proved grounds for divorce and that she was living separate and apart from the defendant. He further found: “ * * * that in October, 1963, prior to the filing of the suit by the plaintiff, the defendant gave the plaintiff $5,000.00 cash from the proceeds of the sale of his business, of which cash she had exclusive possession and control; that in November, 1963, still prior to instituting suit, she was told by defendant to use said money for her needs, and she in fact did use some of it; that at the time of the final hearing she still had approximately $1,600.00 of the money still unused in her possession *629 and control; that the said amount of money was ample, commensurate with the financial condition and circumstances of the parties, to support the wife and minor child and maintain the expenses of their household for an indefinite period of time long past the date of filing the instant action; that, therefore, at the time of filing said suit the wife was not in need of support from the husband and he was not withholding support from her; and the Court, therefore, further finds that this suit is not maintainable under such circumstances, and was not maintainable on December 9, 1963, when the complaint was filed”.
The chancellor recognized the complaint to be brought under Section 65.09, Florida .Statutes, F.S.A. and concluded that such a suit is not maintainable if at the time ■of filing the suit the wife was not in need •of support from the husband and he was not withholding support from her.
The appellant wife has appealed from this final decree and claims that it is not .a necessary element for relief under Section 65.09, Florida Statutes, F.S.A. to show that the husband has the ability to support his wife and children but nevertheless fails to do so. She contends that this section ■of the statutes requires only as essential •elements: (1) the existence of a cause for divorce in favor of the wife, and (2) that she is living apart from her husband.[1] Since the chancellor found those two elements to be established, she would reason that her cause should not have been dismissed, even without prejudice.
There is presented here the need to •examine and compare the nature and scope of the remedies provided a wife under Section 65.09 and under Section 65.10, Florida Statutes, F.S.A.
Section 65.09 is designated in its catch line as "alimony unconnected with divorce” .and provides that if a wife shall have •cause for divorce under Section 65.04 (which lists the grounds for divorce) and she is living apart from her husband, she may obtain alimony, without seeking a divorce, by prosecuting a suit in chancery for same. In such a case the court has power “to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; t- * * ”
Section 65.10 has the catch line “[a]li-mony unconnected with causes of divorce”. It authorizes a wife to prosecute a chancery suit to obtain maintenance or contribution to maintenance from her husband for herself or minor children “if [the husband] having the ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so”. This section prescribes this cause of action to a wife who is living with the husband or living apart from him through his fault.
In Preston v. Preston (Fla.1934) 116 Fla. 246, 157 So. 197, Chief Justice Davis in his concurring opinion, in which two justices concurred, admonished against ignoring or confusing the distinction between the rights arising under each of these sections. He observed that under Sec. 65.10 (Section 4989, C.G.L., 1927) “the wife must be willing to live with the husband, although she is not precluded from relief if she is not living with him, provided she can show it was and is through the husband’s fault that she does not do so.” He further noted that a suit under this section “is in the nature of an equitable suit for specific performance of the husband’s marital duty to render his wife support, the right to which she has not lost or forfeited”. With regard to the right to relief under Section 65.09 (Sec. 4988, C.G.L.1927) he said that it “is in the nature of a limited divorce and is only authorized under circumstances that divorce itself is authorized”.
Despite Chief Justice Davis’ admonition, the distinction between the two *630 sections has been progressively narrowed so that there is now no practical difference. In effect, Section 65.09 has been largely absorbed into Section 65.10. A wife living apart from her husband and having grounds for divorce may proceed under Section 65.10 just as effectively and with less burden than under Section 65.09. The sole objective of both is to provide support and sustenance for a deserving wife or children who otherwise would not be so provided by an able husband or father. Under Section 65.09 the Court may not expressly give judicial sanction to the wife’s living apart from her husband and authorize such separation. Hieber v. Hieber, Fla.App.1963, 151 So.2d 646. A separate maintenance decree under this section “recognizes the continuation of the marriage relationship, the continuing right of the wife to participate in her husband’s estate on his death, as well as a possibility of a reconciliation that will end the necessity for the separate maintenance award”. Bredin v. Bredin, Fla.1956, 89 So.2d 353, 356, 61 A.L.R.2d 942. See also Greenberg v. Greenberg, Fla.App.1958, 101 So.2d 608.
In Raley v. Raley, Fla.1951, 50 So.2d 870, the Supreme Court of Florida approved the portion of a lower court decree holding that the wife had failed to sustain her prayer for separate maintenance under Section 65.09 because her net worth was $24,000 and “her necessity for alimony was not clearly established”. In this case there was proof of divorce grounds in favor of the wife and that a separation of the spouses was caused by it. Strong arguments were made to demonstrate the need of periodic payments of support to prevent complete consumption of her resources. The husband was shown to be abundantly able to pay. Nevertheless, the Supreme Court approved the refusal of the trial court to grant any maintenance because the necessity was not presently shown.
In Rambo v. Rambo, Fla.App., 1963, 155 So.2d 817, this Court reversed a decree awarding separate maintenance under Section 65.10 because the facts shown that when the suit was filed there was available to the use of the wife funds provided by the husband in an amount to sustain her well beyond the filing date. It was held: “[ujnder such circumstances this action-was not maintainable.” The court set forth what is the undoubted rule to be applied with regard to suits under Section 65.10.
“If at the time suit for separate maintenance is instituted the husband is providing support commensurate with the financial condition and circumstances of the parties, the action is-not maintainable. Close v. Close, 158 Fla. 636, 29 So.2d 625 (1947).”[2]
Though the Rambo case specifically mentions Section 65.10 as being the statute-under consideration in pronouncing the above ruling, the complaint had been, framed so as to come within either Section 65.09 or Section 65.10. There was a. charge of “extreme cruelty” of the husband, as well as the allegation that the wife lived: apart from the husband through his fault. Evidence, highly convincing, was adduced' to establish the charge of extreme cruelty. The establishment of a ground or grounds-of divorce appear to have been very much, involved and were regarded as significant. Commenting on the nature of a suit for separate maintenance the Court, through; Chief Judge Sturgis, said:
“ * * * it is well settled that in a suit for separate maintenance the objective of the action is for the wife to establish that she has grounds for divorce, is living apart from her husband, and is in need of support which the husband is financially able to provide but is withholding from her.”
In commenting on the similarities of.' the two sections, Mr. Carson in his work *631 ■entitled “Florida Law of the Family, Marriage and Divorce”, at page 196, Sec. 4, says:
“Both types of cases take on the nature of an equitable action to enforce in favor of the wife, the husband’s duty to support her and her children. In the one case, that is, suits brought under Section 65.09 of F.S.A. (where grounds for divorce must exist) it is not necessary that the court find that the wife is willing to live with the husband; but in the other case, Section 65.10 of F.S.A., where the provision is that they must be living apart •through his fault, it must appear that she is willing to live with him.
'“In both cases it must be alleged and proved first, that there was a marriage, .and second, that a husband, having the ability to do so, has failed and is failing to provide support for his wife and children.”
In view of what has been said -in the cases cited herein the conclusions • expressed in Mr. Carson’s work are well takén. From the language used in Bredin v. Bredin, supra, with regard to the con-tinuance of the possibility of reconciliation, -it is even doubtful that the slight difference ■Carson notes would now be countenanced.
Accordingly, it appears that the constructions which have been applied to these two ■ sections of the statute have practically -merged Sec. 65.09 into Sec. 65.10 so that limitations on invoking the latter are also .applicable to the former. At least, to -obtain relief under either it must be established that the husband, having the ability -to do so, has failed and is failing to pro-vide for his wife and children.
The trial judge applied the correct principles of law and the final decree is
Affirmed.
STURGIS, C. J., and RAWLS, J., con-cur.

. Cited to support this contention is Poerschke v. Poerschke, Fla.App.1959, 114 So.2d 30 in which the named factors were said to be those involved in Section 65.09.

. In Accord: Stone v. Stone, Fla.App.1963, 151 So.2d 301, and Perry v. Perry, Fla.App.1957, 97 So.2d 152.