HOBSON, Judge.
The appellant-plaintiff filed her complaint in the court below under § 65.09, Fla.Stat.1965, F.S.A., now § 61.09, Fla. Stat.1967, F.S.A. The appellee, defendant below, answered and filed a counterclaim for divorce. After discovery had been taken the defendant filed an amended motion for summary judgment alleging that the pleadings, depositions and admissions on file show that there was no genuine issue as to any material fact and that defendant was entitled to dismissal of the separate maintenance action as a matter of law.
In the order appealed herein the trial court found that the wife and children of the parties were being supported in the manner to which they were accustomed during the period the parties resided together; that the plaintiff is not in need of support; and that the plaintiff is not entitled to maintain an action for separate maintenance as a matter of law. The order appealed did not dispose of the defendant’s counterclaim for divorce; therefore the plaintiff brought this interlocutory appeal.
The sole point on appeal is whether or not a wife has a right to adjudication of alimony and child support under § 61.09, Fla.Stat.1967, F.S.A., when she has grounds for divorce under § 61.041, Fla. Stat.1967, F.S.A., but her husband is maintaining her and their children within his ability to do so.
Prior to 1965 there were two statutes, §§ 65.09 and 65.10, which read respectively:
“65.09 ALIMONY UNCONNECTED WITH DIVORCE
If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.”
“65.10 ALIMONY UNCONNECTED WITH CAUSES OF DIVORCE
If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution.”
The legislature in 1965 amended these two sections by consolidating them into one section, numbering it 65.09, which is now 61.09, and reads as follows:
“61.09 Alimony unconnected with divorce. If any of the causes of divorce in § 61.041, exist in favor of wife or if any husband having ability to maintain or contribute to the maintenance of his wife or minor children fails to do so and she is living with her husband or apart *774 from him through his fault, she may obtain alimony and support for minor children without seeking a divorce and the court has jurisdiction to grant such temporary and permanent alimony support, suit money and attorney’s fees as the circumstances of the parties render equitable and to make such orders as are necessary to secure such sums to her; but no alimony shall be granted to an adulterous wife.”
In the case of Wood v. Wood, Fla.App. 1964, 166 So.2d 627, the court construed § 65.09 as it existed prior to the amendment of 1965. The court concluded on page 631 as follows:
“Accordingly, it appears that the constructions which have been applied to these two sections of the statute have practically merged Sec. 65.09 into Sec. 65.10 so that limitations on invoking the latter are also applicable to the former. At least, to obtain relief under either it must be established that the husband, having the ability to do so, has failed and is failing to provide for his wife and children.”
The appellant herein contends that the amendment of 1965 which merely combines §§ 65.09 and 65.10 has relieved the wife of establishing that the husband, having the ability to do so, has failed and is failing to provide for his wife and children. With this contention, we cannot agree.
A careful reading of the earlier §§ 65.09 and 65.10 with present § 61.09 reveals that the two prior sections were not in fact amended but were merely merged or consolidated into one section. Therefore, the law established under the Wood case supra, construing § 65.09 as it existed prior to 1965 is still applicable to the present § 61.09.
The intent of the 1965 legislature in merging §§ 65.09 and 65.10 may be gleaned from the fact that Senate Bill No. 16 proposed to insert a clause into § 65.09 granting relief notwithstanding the fact that the husband may be maintaining or contributing to the maintenance and support of his wife and minor children. Although the Wood case, supra, at that time was in existence, the legislature saw fit to eliminate that clause and merely consolidated the two sections.
The appellant argues that the wife should have the same rights as the husband is afforded under § 61.10, Fla.Stat.1967, F. S.A., whereby the husband may bring an action to have the court adjudicate and define his financial obligations to his wife or minor children, or both, without regard to whether or not he is at the time supporting them. This argument may be meritorious if presented to the legislature; however, it is our function to interpret the laws and not to make them.
For the foregoing reasons the order appealed is affirmed.
LILES, C. J., and ALLEN, J., concur.