PER CURIAM.
Appellant was sued by appellee for separate maintenance without divorce under the provisions of Section 61.09, Florida Statutes, F.S.A. Appellant counterclaimed for divorce on the ground of cruelty and habitual indulgence in a violent and ungovernable temper.
Appelant’s counterclaim for divorce was denied upon the trial court’s finding that he had failed to establish by a fair preponderance of the evidence the grounds for divorce alleged in his counterclaim. He now seeks reversal contending that the evidence was sufficient to show that he is entitled to a divorce. Appellee has cross-assigned as error the trial court’s refusal to enter an order requiring the appellant husband to pay separate maintenance to support her and the minor children.
In the final order being reviewed herein, the trial court recited as his reason for denying the appellee’s prayer for separate maintenance the court’s finding based on the evidence that the appellant husband has paid support money to the appellee wife for her support as well as that of the minor children in an amount sufficient to enable them to live in the manner to which they were accustomed to living during the period of time that the parties had resided together. Such payment had been made by appellant ever since their separation. Although the court held that appellee was not entitled to a coercive order requiring such payment, the court did correctly reserve jurisdiction to enter such a coercive order in the future in the event the support payments were terminated. We think the court’s refusal to enter an order for separate maintenance in the face of evidence that adequate payments were being voluntarily made by the husband to the wife is consistent with our opinion in Wood v. Wood, 166 So.2d 627 (Fla.App.1964); and Feldhusen v. Feldhusen, 214 So.2d 772 (Fla.App.1968). Accordingly, that portion of the order cross-appealed by appellee is affirmed.
We have considered appellant’s contention that the evidence presented to the trial court was sufficient to entitle him to a divorce on the grounds asserted in his counterclaim. We cannot agree. The *328 wife’s conduct was not such as to constitute extreme cruelty or habitual indulgence in a .violent and ungovernable temper. Examination of the record persuades us that appellant has not demonstrated error in this regard. See Hieber v. Hieber, 151 So.2d 646 (Fla.App.1963).
The judgment reviewed herein is affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.