OWEN, Judge.
After appellant’s suit for divorce had been heard on the merits, the chancellor entered a final judgment dismissing the complaint for lack of sufficient corroborating testimony. Although the plaintiff was denied the relief that he sought, the final judgment did award defendant wife permanent alimony and child support. Plaintiff husband appeals from that final judgment.
The only point raised which we find to have merit is the one questioning the award of permanent alimony and child support to defendant appellee.
The wife did not file any counterclaim seeking affirmative relief for alimony unconnected with divorce, her answer merely admitting or denying the several allegations of the complaint. She did seek and obtain an order entered June 9, 1970, awarding her temporary alimony, child support, and attorneys’ fees. The final judgment made this order permanent.
Since the final judgment did not grant a divorce to either party (the marriage being thereby conserved rather than dissolved), any permanent award to' the wife would have to be as “alimony unconnected with divorce” under F.S.1969, section 61.09, F.S.A. But before there can be an award of this type, there must be a basis in the pleadings for it, Zook v. Zook, Fla.1953, 63 So.2d 642, and there must be proof that the husband, having the ability to do so, has failed and is failing to provide support for his wife and children commensurate with the financial condition and circumstances of the parties. Wood v. Wood, Fla.App.1964, 166 So.2d 627; Rambo v. Rambo, Fla.App.1963, 155 So.2d 817; Feldhusen v. Feldhusen, Fla.App.1968, 214 So.2d 772. The record in this case does not disclose a basis either in the pleadings or in the proof to justify an award to appellee of “alimony unconnected with divorce”.
The paragraph of the final judgment designated by the number “2”, whereby the court makes permanent the provisions of its order of June 9, 1970, granting appellee certain temporary relief, is stricken and, as thus modified, the final judgment is affirmed.
Affirmed, as modified.
CROSS, J., concurs.
MAGER, J., dissents, with opinion.