DAUKSCH, Judge.
This is an appeal from three different judgments which find for three different insurers and against the insured. Two judgments were summary and the other was after trial. The question before the court in each case was regarding domicile. Depending upon where appellant lived, one of the insurers must be liable so the court erred in one of the three judgments. We hasten to add it was not the fault of the trial judge that the matter became so bungled. No matter whose fault, it especially was not the fault of Gail Smith; she is entitled to relief from this court.
Mironda Robinson, appellant Gail Smith s daughter, was involved in an automobile accident and Gail sought Personal Injury Protection insurance coverage for Mironda. Gail lived with her mother in Hastings (Dixie Insurance Co.) and went to Daytona Beach to stay with the father of the child she was carrying and lived with his great-aunt (Allstate Insurance Co.) until she could deliver, and planned to stay in Dayto-na if she could find a place. She said she was “in transition” and had not made a decision where she would reside. The insurer of the car (Fortune Insurance Co.) was not liable because she resided with a relative who owned a covered automobile; either Dixie or Allstate is liable, depending upon where she was domiciled. The jury found she was not domiciled with her boyfriend’s great-aunt based upon her testimony. The jury verdict cannot be faulted— she was in Daytona temporarily, only to be close to the father and after delivery to try to find a place for herself and her children (she had another child by the same father).
That leaves her mother’s house in Hastings where she was last domiciled and where Dixie insured her mother’s automobile. Everyone is domiciled somewhere. Warren v. Warren, 73 Fla. 764, 75 So. 35 (1917). The facts here show that Smith lived with her mother in Hastings, left there and came to Daytona Beach, then returned to Hastings. She testified, albeit variously and confusingly, that she had not settled in Daytona Beach, and had not located a place to live even though she wanted to move to Daytona Beach some day. She could not stay permanently with the great-aunt. The evidence points to Hastings and Dixie and away from Fortune and Allstate. The judgments for Fortune and Allstate are affirmed. The judgment for Dixie is reversed.
AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER and COWART, JJ., concur.